510 So.2d 498 (1987)
GENERAL MOTORS Corporation
v.
MISSISSIPPI STATE TAX COMMISSION.
No. 56334.
Supreme Court of Mississippi.
July 8, 1987.
Richard D. Gamblin, D. Michael Cockrell, Wise, Carter, Child & Caraway, Jackson, for appellant.
Bobby R. Long, Gary W. Stringer, Jackson, for appellee.
Before ROY NOBLE LEE, P.J., and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the court:

I.
Today's appeal presents a question regarding the amount of tax credit which may be claimed by an affiliated group of corporations filing a consolidated income tax return where one of the corporations has paid a privilege tax. The question requires careful and intricate consideration of our income and privilege tax statutes and regulations. In the end we hold that the privilege taxpayer may claim the entire privilege tax credit, notwithstanding that the amount of the credit exceeds the privileged corporate subsidiary's income tax attributable to its Mississippi operations, and that this credit inures to the benefit of the affiliated group via the consolidated return.
We reverse and render.

II.
General Motors Corporation ("GM"), a Delaware corporation, and all of its subsidiaries filed a consolidated Mississippi Corporate Income Tax Return for the year 1979 and timely paid the total amount of income tax shown thereon to be due. Included in the affiliated group filing the consolidated return was General Motors Acceptance Corporation ("GMAC"), a finance company doing business in the State of Mississippi.
*499 After the consolidation of all taxable income of the subsidiaries filing the consolidated return, and after computing the Mississippi income tax liability of the consolidated group, GM on behalf of the consolidated group took a credit against the tax so determined in the amount of $584,978. This credit represents the amount of 1979 Mississippi privilege tax levied against and paid by GMAC. This privilege tax credit against income tax was claimed under Section 27-21-9 of the Mississippi Code of 1972, as it existed prior to its amendment effective January 1, 1983.
In 1981, the Commissioner of Revenue performed an audit of GM's 1979 consolidated Mississippi Corporate Income Tax Return. The Commissioner's auditors reduced the privilege tax credit taken by GM's consolidated group from $584,978 to $138,166. The Commissioner determined that a credit in the amount of the full privilege tax paid was not allowable; rather, that the credit was limited to the income tax due by GMAC attributable to its Mississippi operations.
GM appealed to the Board of Review of the State Tax Commission that portion of the Commissioner's assessment of additional taxes caused by the disallowance of the full tax credit. Following a hearing, the Board of Review upheld the Commissioner's action. GM then appealed the action of the Board of Review to the full Commission which also affirmed.
GM appealed the action of the Commission to the Chancery Court of the First Judicial District of Hinds County, Mississippi. The Chancery Court considered this matter on stipulated facts and thereafter affirmed the assessment of additional income taxes made against GM by the Commission. GM thereafter perfected an appeal to this Court.

III.

A.
Without doubt, an affiliated group of corporations has the privilege of filing a consolidated corporate state income tax return in lieu of separate returns. Specifically, Miss. Code Ann. § 27-7-37(2) (Supp. 1979) provides that "an affiliated group of corporations shall have the privilege of making ... a consolidated return with respect to the income tax imposed by this Article for the taxable year in lieu of separate returns... ." General Motors and its affiliates, one of which was GMAC, voluntarily filed a consolidated return for 1979. In that year, GMAC, one of GM's subsidiaries, paid to the State of Mississippi a privilege tax in the amount of $584,978.00. For that same year GMAC's separate income tax liability attributable to its Mississippi operations was $151,690.00. The income tax as reported on the consolidated return for GM and its subsidiaries in the aggregate, of course, greatly exceeded the amount GMAC paid as privilege tax.
The issue arises in the context of Miss. Code Ann. § 27-21-9, as it existed prior to its 1983 amendment. At that time Section 27-21-9 provided:
The tax hereby levied is in lieu of all other privilege taxes upon such business, and shall be paid to the commissioner, as provided by law, previous to enjoyment of the privilege for the period covered by the payment; and the amounts paid by the taxpayer in any given calendar year shall be credited upon such income tax as may be due by the taxpayer for such calendar year, or for the next fiscal year ending after the close of such calendar year; provided, however, the credit so allowed shall, in no event, be in a greater amount than the total amount of income tax due by the taxpayer for such calendar or fiscal year; it being the purpose and effect of this section that whichever of the above taxes is greater in amount shall be paid by the taxpayer.[1]
The question thus presented is whether the tax credit to which GM and its subsidiaries are entitled is the full amount of the privilege tax paid, $584,978.00, or whether *500 the credit is limited to the amount of GMAC's income tax liability attributable to Mississippi income, $151,690.00.

B.
GM argues initially that the consolidated group is the "taxpayer." See Miss. Code Ann. § 27-7-37(2)(iii) (1972). The argument may be dispatched in a word, for "taxpayer" in today's context is defined wholly by reference to Section 27-21-9. "Taxpayer" there means the entity liable for payment of the privilege tax. That entity is GMAC.
GM makes much of the notion that allowing the entire credit is consistent with the economic theory and purpose behind the idea of consolidated returns. Analogies to the federal income tax laws are presented. These considerations have no proper part in our decision. We have no doubt of the authority of the legislature or the State Tax Commission through proper regulations to place limitations upon the privilege tax credit which might arguably be inconsistent with the overall economic theory some have advanced in support of the practice of allowance of the filing of consolidated income tax returns. Indeed, the legislature has amended Section 27-21-9, effective January 1, 1983, to provide expressly that the credit allowed may be taken only against the income derived exclusively from the business which pays the Finance Company Privilege Tax. If that statute had been in effect for tax year 1979, we would have no choice but to affirm. Only because that law was not in effect as of that date, and by reason of the fact that the credit was measured instead by the amount of income tax "due" by GMAC, must we reject the Commission's view.
We emphasize that there is no natural law of income tax liability. No brooding omnipresence nor invisible hand informs our consideration of such cases. The amount of income tax a taxpayer owes to this state is determinable solely by reference to the positive provisions of the income tax laws of this state and the regulations of the State Tax Commission promulgated within the scope of its authority.
To be sure, we attempt constructions of our tax laws in ways that are fair and reasonable and consistent with economic realities, but only insofar as those considerations are allowable via the language of our income tax statutes and regulations. We are not nearly so concerned with what the tax lawmakers and regulators have intended as we are with what they have said. And what they have said here is that the limit upon the privilege tax credit is the actual income tax liability for GMAC for the year in question, a point now to be developed more fully.

C.
Without doubt, the privilege tax was paid solely by GMAC. The Finance Company Privilege Tax Law in Section 27-21-9 provided that companies such as GMAC must pay the privilege tax with the proviso that it be entitled to offset that tax against any income tax due. There can be no question but that, if GMAC were filing a separate corporation income tax return, the amount of its credit would be limited to "the total amount of income tax due by the taxpayer [GMAC] for such calendar or fiscal year."
The computation of the amount of credit is a function of the directives of Section 27-21-9, as it appeared in 1979. Two passages from that statute are pertinent. First, the statute provides that the privilege tax paid by the finance company
shall be credited upon such income tax as may be due by the taxpayer for such calendar year, or for the next fiscal year. ...
Second, the statute provides that the credit shall in no event exceed or be greater than
the total amount of income tax due by the taxpayer for such calendar or fiscal year; ... .
The limitation on the credit, accordingly, is determined by reference to the tax liability of GMAC for 1979, the tax year in question. Here the critical factor is that the consolidated return device  which is optional with organizations such as GM  provides for joint and several liability upon the corporate groups electing the procedure. *501 The State Tax Commission has provided by regulation that each constituent corporation of an affiliated group which files a consolidated income tax return becomes severally liable for the entire tax determined to be due by the group. Reg. § 1.27-7-37(1)(C)(6) provides:
Each member of the affiliated group is severally liable for the tax on a consolidated return and for any subsequently determined deficiency thereon. No inter-company agreement can change this rule.
This regulation is valid by virtue of authority vested in the Commission via Miss. Code Ann. § 27-7-37(2)(c) (Supp. 1979). By filing a consolidated return, GM and each of its subsidiaries, including GMAC, became severally liable for all of the income taxes due on that return and any subsequent assessment. Therefore, GMAC became legally obligated to pay the aggregate income tax liability of the GM affiliated group, whether those taxes arose from its Mississippi operations or from those of other corporations in the group.
Returning to the statutory language of Section 27-21-9, the amount of income tax as may be due by GMAC for 1979 is the entire income tax obligation of the affiliated group. Similarly, the "total amount of income tax due by ..." GMAC [for such calendar or fiscal year] is, again, the total amount of income taxes due by the affiliated group.
We emphasize that we are concerned here with a tax credit as distinguished from a deduction. A deduction is applied to income in the initial computation of net taxable income. A tax credit functionally is applied to the taxpayer's income tax liability after that tax has been computed and established. The credit, of course, reduces the income tax payable. The tax, however, has become "due" in the sense contemplated by Section 27-21-9 after the consolidated return income tax has been computed and before application of the credit.

D.
We have noted carefully the Commission's argument for affirmance. Most noticeable is its refusal to come to grips with the matter of just what tax is legally "due" by GMAC for 1979. If Reg. § 1.27-7-37(1)(c)(6) means anything, GMAC is "severally liable for the tax on ... [the] consolidated return." That tax, of course, greatly exceeds $584,978.
The Commission argues that GMAC assumed this liability as "a matter of agreement" and that such agreed to tax liability is somehow distinct from "income tax ... due by [GMAC]." Disingenuity attends the argument. If for some reason GM, nor any other affiliate, failed to pay the tax, the Commission would no doubt assert vigorously that the entire income tax reported on the consolidated return was due by GMAC. Moreover, Mississippi law, via legislative enactment and administrative regulation, allows GM and its affiliates to file a consolidated return. That tax filing device provides benefits and burdens to the corporate taxpayers. There is nothing in the voluntary nature of the taxpayers' election that operates to strip away the benefits of the procedure.
Nothing we say here destroys the separate corporate identity of GMAC  for tax purposes or any other, that is, not beyond the extent to which the Commission has destroyed that identity by promulgation of Reg. § 1.27-7-37(1)(c)(6) making GMAC liable for the entire consolidated tax. Today's opinion does no violence to the theory of separate corporate entities espoused by the Commission on the authority of Woolford Realty Company, Inc. v. Rose, 286 U.S. 319, 328, 52 S.Ct. 568, 76 L.Ed. 1128, 1133 (1932) and Texas Pipeline Co. v. United States, 58 F.2d 852, 859-60 (Ct.Cl. 1932). GMAC, not the consolidated group, is the taxpayer within Section 27-21-9. The outcome determinative question under that statute is the amount of tax due by GMAC as a separate corporate entity for 1979. Hence a credit is allowable in the amount of the entire privilege tax paid.
The Commission further argues that the privilege tax credit "should only apply to income tax attributable to the affiliated corporation that paid the privilege tax." [Emphasis added] If the statute, the pre-1983 version of Section 27-21-9, had so *502 provided, we would not hesitate to so hold. We may not read the statute as the Commission thinks we "should" absent wording therein to that effect. No such wording may be found. Effective January 1, 1983, the statute was amended to enact the Commission's theory of this case. To be sure, such an amendment may not be regarded as an authoritative legislative determination of the meaning of the pre-amendment statute. But see Warner v. Board of Trustees, 359 So.2d 345, 348 (Miss. 1978); Crosby v. Barr, 198 So.2d 571, 574 (Miss. 1967). We have construed Section 27-21-9, vintage 1979, as we have found it. That the legislature amended the statute in the way that it has gives us comfort that we have correctly read the 1979 version.
Finally, the State Tax Commission argues to us various principles of appellate review of matters such as this. In doubtful cases the construction placed upon a statute by the State Tax Commission is entitled to considerable weight. State Tax Commission v. J.C. Edmondson, 196 So.2d 873, 877 (Miss. 1967); Gully v. Jackson International Co., 165 Miss. 103, 145 So. 905, 907 (Miss. 1933); L.H. Conrad Furniture Co. v. Mississippi State Tax Commission, 160 Miss. 185, 133 So. 652, 655 (1931). These rules cannot change the fact that the phrase "due by taxpayer" twice found in the statute at issue means as a matter of common and ordinary construction the sum GMAC is legally obligated to pay for the year in question. Accordingly, a credit is allowed GMAC for the far lesser privilege tax amount of $584,978.00 and this credit inures to the benefits of the affiliated group via the consolidated return.
REVERSED AND RENDERED.
WALKER, C.J., ROY NOBLE LEE, HAWKINS, P.JJ., DAN M. LEE, PRATHER, SULLIVAN and GRIFFIN, JJ., concur.
ANDERSON, J., not participating.
NOTES
[1] This statute was amended effective January 1, 1983, see Miss. Laws, ch. 489, § 12 (1982), in order to provide specifically that the privilege tax credit allowed could only be taken against income derived exclusively from the business which measures the finance company privilege tax.