# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2012-CA-01419-SCT

*MISSISSIPPI DEPARTMENT OF REVENUE*

*v.*

*ISLE OF CAPRI CASINOS, INC.; IOC-LULA, INC.; IOC-NATCHEZ, INC.; RIVERBOAT CORPORATION OF MISSISSIPPI; RIVERBOAT CORPORATION OF MISSISSIPPI-VICKSBURG; CAPRI AIR, INC.; IOC COAHOMA, INC.; LADY LUCK GAMING CORPORATION; LADY LUCK VICKSBURG, INC.; CASINO AMERICA, INC.; IOC SERVICES, LLC; IOC MISSISSIPPI, INC.; RIVERBOAT SERVICES, INC.; ICC CORP.; LADY LUCK GULFPORT, INC.; LADY LUCK BILOXI, INC.; IMPS A.K.A. INTERNATIONAL MARCO POLO SERVICES, INC.; IOC MANUFACTURING, INC.; AND IOC DEVELOPMENT COMPANY, LLC*

| | |
|---|---|
| DATE OF JUDGMENT: | 07/26/2012 |
| TRIAL JUDGE: | HON. JAMES B. PERSONS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CHANCERY COURT SECOND JUDICIAL DISTRICT |
| ATTORNEYS FOR APPELLANT: | GARY W. STRINGER BRIDGETTE T. THOMAS |
| ATTORNEYS FOR APPELLEES: | ROBERT F. WALKER EVERETT WHITE |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 02/13/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., KITCHENS AND COLEMAN, JJ.**

**COLEMAN, JUSTICE, FOR THE COURT:**

¶1.     The Mississippi Department of Revenue ("the Department") assessed $4,181,706 in taxes, penalties, and interest against Isle of Capri Casino, Inc. and its affiliated entities ("Isle of Capri") for tax years 2004, 2005, 2006, and 2007.  Isle of Capri appealed, and the

chancery court granted summary judgment in its favor. The Department now appeals. Finding no error on the part of the chancery court, we affirm.

**Facts and Procedural History**

¶2. Isle of Capri computes its Mississippi corporate income and franchise tax on a combined basis along with its affiliated entities pursuant to Mississippi Code Section 27-7-37, which permits the affiliated group to file a combined return but leaves each entity jointly and severally liable for the total amount of tax liability for the affiliated group.[1] *See* Miss. Code Ann. § 27-7-37 (Rev. 2013); Miss. Admin. Code § 35-III-8.07 at 102(5) (repealed Nov. 17, 2011). Four entities in the affiliated group held Mississippi gaming licenses for the taxable years at issue. The four paid license fees based on their monthly gross revenues from gaming operations as required by statute. *See* Miss. Code Ann. § 75-76-177 (Rev. 2009). Isle of Capri then used the license fees as a credit to offset its combined income tax liability in 2007 pursuant to Mississippi Code Section 75-76-179. *See* Miss. Code Ann. § 75-76-179 (Rev. 2009). Applying the credits in the same manner, Isle of Capri filed amended tax returns for 2004, 2005, and 2006.

¶3. The Department then audited Isle of Capri's returns from 2004 through 2007 and assessed $4,181,706 in taxes, penalties, and interest. The Department based the assessment

---

[1] The affiliated group includes: Isle of Capri Casinos, Inc.; IOC-Lula, Inc.; IOC-Natchez, Inc.; Riverboat Corporation of Mississippi; Riverboat Corporation of Mississippi-Vicksburg; Capri Air, Inc.; IOC Coahoma, Inc.; Lady Luck Gaming Corporation; Lady Luck Vicksburg, Inc.; Casino America, Inc.; IOC Services, LLC; IOC Mississippi, Inc.; Riverboat Services, Inc.; ICC Corp.; Lady Luck Gulfport, Inc.; Lady Luck Biloxi, Inc.; IMPS a.k.a. International Marco Polo Services, Inc.; IOC Manufacturing, Inc.; and IOC Development Company, LLC.

on the application of the license fees as a credit, claiming that only the tax liability of the four entities that actually held the licenses was eligible for offset. In other words, the credit belonged exclusively to the entity that paid the license fee and could not be used to benefit the affiliated group as a whole. Isle of Capri appealed the Department's assessment first to the Board of Review and then to the Board of Tax Appeals; both affirmed the assessment with minor changes.

¶4. Isle of Capri then appealed to the Harrison County Chancery Court, Second Judicial District, and filed a surety bond for half of the assessment as required by statute. *See* Miss. Code Ann. § 27-77-7 (Rev. 2010). Both parties moved for summary judgment. The chancery court granted summary judgment for Isle of Capri and overturned the Department's assessment. The Department timely appealed. The issues to be determined are: (1) whether Isle of Capri properly filed its statutorily required appeal bond with the chancery court; and (2) whether Isle of Capri properly applied certain gaming license credits to offset its Mississippi income tax liability.

**Standard of Review**

¶5. Generally, we limit our review of an administrative agency's decision and will reverse only if the agency's decision: "(1) was unsupported by substantial evidence; (2) was arbitrary and capricious; (3) was beyond the power of the administrative agency to make; or (4) violated the complaining party's statutory or constitutional right." ***Jones County Sch. Dist. v. Miss. Dep't of Revenue***, 111 So. 3d 588, 597 (¶ 32) (Miss. 2013) (quoting ***Buffington v. Miss. State Tax Comm'n***, 43 So. 3d 450, 453-54 (¶ 12) (Miss. 2010)). Regarding review of an agency's decision on questions of law, the Court has explained:

3

"An agency's interpretation of a rule or statute governing the agency's operation is a matter of law that is reviewed de novo, but with great deference to the agency's interpretation." ***Buffington***, 43 So. 3d at 454 . . . . Recently, this Court clarified what "deference" means in this context. ***Queen City Nursing Ctr., Inc. v. Miss. State Dep't of Health***, 80 So. 3d 73, 84 (Miss. 2011). The Court emphasized that it has the ultimate authority and responsibility for interpreting laws. ***Id.*** So, even though an "agency's interpretation is an important factor that usually warrants strong consideration," the Court does not defer to an agency's interpretation in the sense that it yields judgment or opinion. ***Id.*** Further, no deference is due if the "agency's interpretation is contrary to the unambiguous terms or best reading of a statute." ***Buffington***, 43 So. 3d at 454 . . . .

***Jones County***, 111 So. 3d at 597-58 (¶ 33). Further, a *de novo* standard is applied when the Court reviews a chancery court's grant or denial of summary judgment. ***In re Guardianship of Duckett***, 991 So. 2d 1165, 1173 (¶ 15) (Miss. 2008) (citing ***Anglado v. Leaf River Forest Prods.***, 716 So. 2d 543, 547 (Miss. 1998)).

### Discussion

¶6.    The Department raises two issues on appeal: (1) whether the surety bond filed by Isle of Capri satisfied the requirements of Mississippi Code Section 27-77-7; and (2) whether the license fees can be used to offset the combined tax liability of the affiliated group.

> **I.    Whether the surety bond filed by Isle of Capri satisfied the statutory requirements of Mississippi Code Section 27-77-7, such that the chancery court did not err by exercising jurisdiction over the action.**

¶7.    Isle of Capri filed a surety bond with chancery court in the amount of $2,220,622, half the amount in controversy, as required for appeals from the Board of Tax Appeals. Mississippi Code Section 27-77-7(3) provides:

> A petition filed by a taxpayer under subsection (1) of this section that appeals an order from the Board of Tax Appeals affirming a tax assessment shall be accompanied by a surety bond approved by the clerk of the court in a sum half the amount in controversy, conditioned to pay the judgment of the court.

4

Miss. Code Ann. § 27-77-7(3) (Rev. 2010). The Department asserts that Isle of Capri's bond did not meet the statutory requirements because it was not "conditioned to pay the judgment of the court," thus, the chancery court never had jurisdiction over the appeal. *See 5K Farms v. Miss. Dep't of Revenue*, 94 So. 3d 221, 227 (Miss. 2012) (holding that statutory appeal bonds relate to the jurisdiction of the court). The relevant portion of the bond reads:

> KNOW ALL MEN BY THESE PRESENTS, that the Isle Affiliated Group, as Principal, and <u>Westchester Fire Insurance Company</u>, as Surety, are held and firmly bound unto the Mississippi Department of Revenue in the principal sum of $2,220,622.50 for the payment of which we bind ourselves, successors, and assigns, jointly and severally.
>
> The Condition of this obligation is such, that whereas, the Isle Affiliated Group has appealed from the order of the Mississippi Board of Tax Appeals, rendered on the 6th day of April, 2011, on an appeal of an assessment of the Plaintiff then pending before said Board of Tax Appeals;
>
> NOW THEREFORE, if the Principal shall satisfy any money judgment against said Plaintiff entered by the Board of Tax Appeals in the judgment in full, including, if allowed by law, costs, interest, and attorneys' fees, and damages for delay in the event said appeal is dismissed or said judgment is affirmed, then this obligation shall be null and void; otherwise to remain in full force and effect.

¶8. The Department argues that the bond is defective because "the Board of Tax Appeals does not enter money judgments, but orders and therefore the bond posted does not guarantee payment of anything." Isle of Capri counters that, when read as a whole, the bond clearly binds the surety to the Department in the amount required by statute. The question of whether the bond satisfies the statutory requirement that it be conditioned on judgment of the court is essentially one of contract construction. Section 27-77-7 simply requires that the bond be (1) approved by the clerk of the court, (2) in a sum half the amount in controversy, and (3) conditioned to pay the judgment of the court. Miss. Code Ann. § 27-77-7(3). The

5

first two elements are not in dispute. However, the Department contends that the bond fundamentally fails to satisfy the third element.

¶9. To begin, Section 27-77-7 does not require the bond to contain any specific language. *See* Miss. Code Ann. § 27-77-7. The purpose of the condition is to ensure that the Department's interest is protected. Thus, one way to consider the issue is through the lens of the hypothetical enforcement of the bond that might have followed had the chancellor affirmed the Board of Tax Appeals. In other words, had the chancellor affirmed the assessment, could the Department have enforced the bond as written or would the Department have been left with no recourse against the surety? If the Department could have enforced the bond, it must follow that the bond is conditioned to pay the judgment of the court and satisfies Section 27-77-7.

¶10. We conclude that the bond would have been enforceable against the surety and, therefore, satisfies Section 27-77-7. Although the bond does not track the language of Section 27-77-7, it clearly binds the surety to pay the Department, stating that Isle of Capri is "firmly bound" unto the Department. The next paragraph of the bond conditions the obligation to pay on the fact that Isle of Capri has appealed the judgment of the Board of Tax Appeals. When read together, the surety is bound to pay pending the resolution of the appeal. We find that the bond satisfies the statutory requirement that it be conditioned on the judgment of the court.

¶11. The Department cites three cases in which jurisdiction was held to be lacking for failure to post the required appeal bond. *See **Miss. Dep't of Revenue v. AT&T Corp.**,* 101 So. 3d 1139 (Miss. 2012); ***Khurana v. Miss. Dep't of Revenue**,* 85 So. 3d 851 (Miss. 2012);

6

*5K Farms v. Miss. Dep't of Revenue*, 94 So. 3d 221 (Miss. 2012).  In the three cases, the appealing parties failed to post a bond entirely.  If the bond in the present case was completely unenforceable they might be instructive, but because the bond satisfies Section 27-77-7, they are irrelevant.  We conclude that the bond satisfied Section 27-77-7, and the chancery court properly exercised jurisdiction over the matter.

**II.  Whether the gaming license tax credits were applied properly to offset Isle of Capri's tax liability.**

¶12.    The Department argues that, in spite of the combined return of the affiliated group, the tax liability of the group must be determined individually for the purpose of applying the gaming license tax credits.  That is, the Department's position is that each entity's credit can be used only to offset the tax that entity would have to pay if it were filing a return individually, and if the credit earned exceeds the entity's Mississippi income tax liability, it is wasted.  Isle of Capri argues, on the other hand, that the credit can be applied to offset the income tax liability of the entire affiliated group.

¶13.    In support of its position, Isle of Capri cites ***General Motors Corp. v. Mississippi State Tax Commission***, 510 So. 2d 498 (Miss. 1987), which dealt with the same issue of using tax credits earned by one entity to offset the combined tax liability of an affiliated group of entities.  General Motors and its affiliated group filed a consolidated return,[2] and the affiliated group applied a privilege tax credit earned by one of the affiliated entities, General Motors Acceptance Company ("GMAC"), to its total tax liability.  ***Gen. Motors***, 510

---

[2] The statute that governed the affiliated group's return in ***General Motors*** referred to the return as a "consolidated return." The current statute refers to the return as a "combined return." *See* Miss. Code. Ann. § 27-7-37 (Rev. 2013).

7

So. 2d at 499. The Mississippi State Tax Commission audited the consolidated return and disallowed the credit to the extent that it exceeded the income tax generated by GMAC's Mississippi operations. *Id.* The Court disagreed and held that the affiliated group could use the credit to offset the tax liability of the entire affiliated group. *Id.* at 502. The Court reasoned that, because GMAC had joint and several liability on the affiliated group's tax, the credit was being used to offset its tax due. *Id.* at 500-501.

¶14. The Department cites a handful of reasons why *General Motors* should not control the present case. First, the Department argues that the statute that governs combined returns, Section 27-7-37, is different than when *General Motors* was decided in that the statute now instructs how to compute the combined taxable income. Section 27-7-37(2) provides:

> Two (2) or more members of an affiliated group of corporations, each taxable in Mississippi, may elect to file a combined income tax return. Corporations electing to file combined returns under this section shall determine the Mississippi net business income (or loss) on an individual corporate member basis as required in Section 27-7-23 . . . . The Mississippi net business income (or loss) so computed for each individual member shall be combined to determine the Mississippi net business income (or loss) of the combined group of affiliated corporations.

Miss. Code Ann. § 27-7-37(2)(a) (Rev. 2013). Section 27-7-37 instructs the taxpayers to combine the income or loss of the individual entities to get the net income of the affiliated group. That would be calculated prior to the application of a credit, which is applied after the computation of the tax liability. *See Gen. Motors*, 510 So. 2d at 501. That is a critical point in the analysis. The *General Motors* Court wrote:

> We emphasize that we are concerned here with a tax credit as distinguished from a deduction. A deduction is applied to income in the initial computation of net taxable income. A tax credit functionally is applied to the taxpayer's income tax liability after that tax has been computed and established. The

8

credit, of course, reduces the income tax payable. The tax, however, has become "due" in the sense contemplated by Section 27-21-9 after the consolidated return income tax has been computed and before application of the credit.

*Id.* Therefore, the tax credit for the license does not become part of the equation until *after* the tax becomes "due" and after joint and several liability for the tax due has attached. *See* Miss. Admin. Code § 35-III-8.07 at 102(5) (repealed Nov. 17, 2011). Applying the statutory instruction on how to compute the combined taxable income actually supports Isle of Capri's interpretation of the statute. Thus, the Department's argument that Section 27-7-37 is different than when *General Motors* was decided is without merit.

¶15. The Department's next argument also is semantic. In *General Motors* the credit was limited to "the total amount of income tax due by the taxpayer[.]" *Gen. Motors*, 510 So. 2d at 499 (citing Miss. Code Ann. § 27-21-9 (1979)). In the present case, the gaming license fee credit is allowed "against the income tax liability of the licensee." Miss. Code Ann. § 75-76-179 (Rev. 2009). The Department argues that the Legislature's use of "income tax liability" and "licensee" as opposed to "tax due" and "taxpayer" necessitate its interpretation. To begin, the use of the terms "taxpayer" and "licensee" is a similarity to *General Motors*, not a difference. The *General Motors* Court held that the term "taxpayer" did not refer the affiliated group. *Gen. Motors*, 510 So. 2d at 500. Likewise, in the present case, the term "licensee" refers to "any person to whom a valid license has been issued." Miss. Code Ann. § 75-76-5(t) (Rev. 2009). The Department is correct to point out that "licensee" does not refer to the affiliated group, but the singularity of the object nouns is inapposite. *See Gen. Motors*, 510 So. 2d at 500-502.

¶16. The dispositive phrase in the present case is "income tax liability." In *General Motors*, it was "tax due." We find the two phrases to be identical in meaning. Both refer to the amount of money that the Department is entitled to collect from the taxpayer. That the *General Motors* Court used them interchangeably reinforces our interpretation. *See Gen. Motors*, 510 So. 2d at 500. Therefore, the limitation that the Department claims is on the credit in the present case must be determined in reference to the tax liability of the four licensees in the affiliated group. The licensees are allowed to use the credit to offset their *income tax liability*. If the credit exceeds their income tax liability, the licensees do not get a check for the difference from the Department. The *General Motors* Court held that each entity's tax liability was the same as the tax liability of the affiliated group, because each entity was jointly and severally liable for that amount. *Id.* at 501. We find no difference in the present case. The regulations provide: "Each member of the affiliated group is severally liable for the tax on a consolidated or combined return and for any subsequently determined deficiency thereon. No intercompany agreement can change this rule." Miss. Admin. Code § 35-III-8.07 at 102(5) (repealed Nov. 17, 2011). The regulations make it clear that each entity in Isle of Capri's affiliated group is liable for the sum total of tax liability on the combined return. Therefore, if the limit on the credit is tax liability, then the limit is a reference to the tax liability of the affiliated group and not the hypothetical tax that Isle of Capri would have had to pay.

¶17. Finally, the Department argues that since the enactment of Section 75-76-179 – the statute that authorized the gaming license credit – the Department has interpreted it to apply only to the income tax generated by the use of the license. Unquestionably, the Department

10

is correct, and the Department's interpretation of the tax laws is afforded deference. *See Jones County*, 111 So. 3d at 597 (¶ 33); *Buffington*, 43 So. 3d at 454 (¶ 12). However, that deference must be applied in light of *General Motors*. If it was incorrect "as a matter of common and ordinary construction" for the Department to interpret nearly identical statutory language in a nearly identical manner in *General Motors*, then, logically, the same interpretation is equally incorrect now. *See Gen. Motors*, 510 So. 2d at 502. Therefore, we hold that Isle of Capri properly applied the credits to offset the tax liability of the combined return.

**Conclusion**

¶18.　We hold that the chancellor correctly determined that the appeal bond posted by Isle of Capri met the statutory requirements of Mississippi Code Section 27-77-7(3), and the chancery court properly exercised jurisdiction over the appeal. Additionally, we hold that the chancellor correctly interpreted Mississippi Code Sections 27-7-37 and 75-76-179, and the chancellor was correct in overturning the Department's assessment against Isle of Capri. The decision of the Harrison County Chancery Court, Second Judicial District, is affirmed.

¶19.　**AFFIRMED.**

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, CHANDLER, PIERCE AND KING, JJ., CONCUR.**