# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2019-CA-00155-SCT

*CAESARS ENTERTAINMENT, INC.*

*v.*

*MISSISSIPPI DEPARTMENT OF REVENUE*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/18/2018 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| TRIAL COURT ATTORNEYS: | SHELDON G. ALSTON |
| | LOUIS G. FULLER |
| | L. KYLE WILLIAMS |
| | BRIDGETTE T. THOMAS |
| | JOHN S. STRINGER |
| COURT FROM WHICH APPEALED: | CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY |
| ATTORNEYS FOR APPELLANT: | SHELDON G. ALSTON |
| | LOUIS G. FULLER |
| ATTORNEYS FOR APPELLEE: | BRIDGETTE T. THOMAS |
| | JOHN S. STRINGER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 05/07/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE KITCHENS, P.J., COLEMAN AND GRIFFIS, JJ.**

**KITCHENS, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     On October 10, 2007, the Mississippi Department of Revenue (the Department)

notified Caesars Entertainment, Inc. (Caesars), that an examination concerning its past tax

returns, including its 2005 tax return, had been initiated and that the statutes of limitation in

Mississippi Code Sections 27-7-49 and 27-13-49[1] were arrested. The Department concluded its examination on January 10, 2013, finding that there was no overpayment or underpayment by Caesars.

¶2. In February 2014, this Court issued a decision that concerned a casino's ability to use gaming license credits to offset its income tax liability. *See* ***Miss. Dep't of Revenue v. Isle of Capri Casinos, Inc.***, 131 So. 3d 1192 (Miss. 2014). On June 13, 2014, in response to this Court's holding in ***Isle of Capri***, Caesars filed an amended tax return seeking a refund for the tax period beginning January 1, 2005, and ending June 13, 2005. The Department denied Caesars' refund claim on the basis that the time to ask for a refund had expired. Both the Board of Review and Board of Tax Appeals affirmed the Department's denial. Under Mississippi Code Section 27-77-7 (Rev. 2017), Caesars appealed the Department's denial to the Chancery Court of the First Judicial District of Hinds County. Both parties moved for summary judgment. The chancellor granted the Department's motion for summary judgment, finding that Caesars' refund claim was untimely. Caesars timely filed its notice of appeal.

¶3. On appeal, Caesars argues that Mississippi Code Section 27-7-49(2) (Rev. 2017) extends the statute of limitations found in Mississippi Code Section 27-7-313 (Rev. 2017), which gives a taxpayer additional time to file a refund claim after an audit and gives the Department additional time to determine a taxpayer's correct tax liability and to issue a refund regardless of when a refund claim was submitted. The Department argues that Section

---

[1] The Department's notice stated explicitly that it served "to arrest the [s]tatute of [l]imitations" found in "[Mississippi Code Section] 27-7-49 Corporate Income Tax" and "[Mississippi Code Section] 27-13-49 Corporate Franchise Tax." This case involves the statute of limitations prescribed in Section 27-7-49 only.

2

27-7-49(2) applies only to the Department and its time frame to examine and issue an assessment.

¶4.     This Court finds that Caesars' time to file an amended tax refund claim was not tolled or extended and that the Department has three years to examine a taxpayer's tax liability, absent exceptions under Mississippi Code Section 27-7-49. *See* Miss. Code Ann. § 27-7-49(2)-(4) (Rev. 2010). The Court affirms the chancellor's grant of the Department's motion for summary judgment.

## STATEMENT OF THE FACTS

¶5.     On June 13, 2005, Caesars merged into a wholly owned corporate subsidiary of Harrah's Entertainment. Due to the mid-year merger, Caesars was required to file a tax return for the period beginning on January 1, 2005, and ending on June 13, 2005. The tax return originally was due on September 15, 2005, but Caesars was granted a filing extension under Mississippi Code Section 27-7-50 (Rev. 2017). The final day of the extension was March 15, 2006. Caesars timely filed its 2005 tax return on or about March 6, 2006.

¶6.     On October 10, 2007, the Department sent a letter notifying Caesars that an examination of its past tax returns had been initiated and that the letter served "to arrest the [s]tatute of [l]imitations on the tax returns under review." The statutes of limitation to which the letter referred were the time limits prescribed in Mississippi Code Sections 27-7-49 and 27-13-49. Five years and three months later, on January 10, 2013, the Department concluded its examination. Following the conclusion of the Department's examination, Caesars received the Department's audit assessment, which stated that "[n]o additional tax is due; [Caesars']

3

tax liability was not overpaid." Caesars had sixty days from the date of the audit assessment in which to file an appeal with the Review Board. Caesars did not take an appeal from the audit assessment.

¶7. In February 2014, this Court handed down its decision in *Mississippi Department of Revenue v. Isle of Capri Casinos, Inc.*, in which we held that when a casino and its affiliates file a combined return, the gaming license tax credits can be used to offset the income tax liability of the entire affiliated group. *Isle of Capri*, 131 So. 3d at 1196-98. Caesars had not prepared its 2005 tax return in accordance with the holding in *Isle of Capri*. On June 13, 2014, Caesars filed an amended corporate-income and franchise tax return in a manner consistent with the holding in *Isle of Capri*, claiming a refund in the amount of $2,831,884 for the January 1, 2005, to June 13, 2005, tax period. The Department denied Caesars' refund claim on January 5, 2016, finding,

> The time allowed to request a refund has expired. The law requires that you file claim for a refund within three years of the original due date, or by the final day of an approved extension period.

¶8. Caesars first appealed the Department's denial to the Board of Review and then to the Board of Tax Appeals, both of which upheld the Department's denial of the refund. On September 14, 2017, Caesars, under Mississippi Code Section 27-77-7, timely appealed to the Chancery Court of the First Judicial District of Hinds County. Both parties filed motions for summary judgment.

¶9. In its motion for summary judgment, Caesars argued that the Department's notice of examination tolled the statute of limitations on the assessment of taxes under Section

4

27-7-49(2) and on refund claims under Section 27-7-313, which allowed Caesars additional time to file a refund claim after the Department's audit. Conversely, the Department argued in its motion for summary judgment that the plain language of Section 27-7-49 and Section 27-7-313 fail to provide an extension or tolling mechanism that would allow a taxpayer to file a refund claim outside the three years prescribed by Section 27-7-313. In Caesars' response to the Department's motion for summary judgment, Caesars argued that "[t]he Department has an obligation to determine its correct tax liability." The chancellor granted the Department's motion for summary judgment on the basis that Section 27-7-49(2) applies to the Department, not taxpayers, and the subsection does not grant taxpayers additional time to file for a refund. The chancellor determined also that the three-year time frame is repeated throughout Mississippi's tax statutes, demonstrating the legislature's intent that a taxpayer have only three years to file a refund claim. Caesars timely filed its notice of appeal in this Court on January 16, 2019.

¶10. Caesars raises two issues on appeal. First, whether the chancellor erred by finding that Mississippi Code Section 27-7-49(2) does not extend the statute of limitations provided in Mississippi Code Section 27-7-313, allowing a taxpayer to file a refund claim for overpaid income taxes while the Mississippi Department of Revenue conducts an audit of the taxpayer. Second, whether the chancellor erred by failing to find that Mississippi Code Section 27-7-49(2) extends the statute of limitations provided in Mississippi Code Section 27-7-313 for the Department to determine Caesars' correct tax liability and to refund the amount of any overpayment, even if Caesars submitted its refund claim outside the statute

5

of limitations provided in Mississippi Code Section 27-7-313.

¶11.    The Department argues that the chancellor did not err by finding that Caesars' refund request was untimely because Section 27-7-49(2) relates solely to the statute of limitations established in Mississippi Code Section 27-7-49(1) (Rev. 2017), and the Department does not have an unlimited time to review a taxpayer's return.

## STANDARD OF REVIEW

¶12.    "This Court reviews a chancery court's grant or denial of summary judgment *de novo*." ***Miss. Dep't of Revenue v. AT & T Corp.***, 202 So. 3d 1207, 1213 (Miss. 2016) (citing ***Miss. Dep't of Revenue v. Hotel and Rest. Supply***, 192 So. 3d 942, 945 (Miss. 2016)). This Court announced in ***King v. Mississippi Military Department*** that it "abandon[ed] the old standard of review giving deference to agency interpretations of statutes." ***King v. Miss. Military Dep't***, 245 So. 3d 404, 408 (Miss. 2018). "Summary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" ***Castigliola v. Miss. Dep't of Revenue***, 162 So. 3d 795, 801 (Miss. 2015) (quoting Miss. R. Civ. P. 56(c)).

## DISCUSSION

   I.    **Whether the chancellor erred by finding that the application of Mississippi Code Section 27-7-49(2) does not extend the statute of limitations provided in Mississippi Code Section 27-7-313, allowing a taxpayer to file a refund claim for overpaid income taxes while the Mississippi Department of Revenue conducts an audit of the taxpayer.**

¶13.    Because this dispute arises from a refund claim for Caesars' 2005 tax period, the

6

applicable version of Mississippi Code Section 27-7-49 and Section 27-7-313 are the pre-2013 amended versions of the statutes. *See* H.B. 892, Reg. Sess., 2013 Miss. Laws ch. 470. Mississippi Code Section 27-7-313 refers to a taxpayer's refund for income tax and states, in pertinent part,

> No refund shall be granted under this article or under the provisions of Article 1 of this chapter unless a claim for same is made within three (3) years from the date the return is due, or within three (3) years from the final day of an extension period previously granted by the commissioner pursuant to the provisions of Section 27-7-50; *however, the restrictions imposed by this section do not apply to those refund requests or claims made in compliance with subsections (2) and (3) of Section 27-7-49.*

Miss. Code Ann. § 27-7-313 (Rev. 2010) (emphasis added) (current version at Miss. Code Ann. § 27-7-313 (Rev. 2017)). Mississippi Code Section 27-7-49 concerns the Department's ability to examine income tax returns, which provides,

> (1) Returns shall be examined by the commissioner or his duly authorized agents within three (3) years from the due date or the date the return was filed, whichever is later, and no determination of a tax overpayment or deficiency shall be made by the commissioner, and no suit shall be filed with respect to income within the period covered by such return, after the expiration of said three-year period, except as hereinafter provided.
>
> (2) When an examination of a return made under this article has been commenced, and the taxpayer notified thereof, either by certified mail or personal delivery by an agent of the commissioner, within the three-year examination period provided in subsection (1) of this section, the determination of the correct tax liability may be made by the commissioner after the expiration of said three-year examination period, provided that said determination shall be made with reasonable promptness and diligence.

Miss. Code Ann. § 27-7-49(1)-(2) (Rev. 2010) (current version at Miss. Code Ann. § 27-7-49(1)-(2) (Rev. 2017)).

¶14. Caesars' argument is that the two statutes, Section 27-7-49 and Section 27-7-313,

7

work collectively to authorize a taxpayer's refund claim after the three-year statute of limitations under Section 27-7-313 has expired, "so long as, prior to the statute of limitations expiring, the taxpayer has notice of the examination and the examination has commenced." The Department's argument is that the plain and unambiguous language of the two statutes demonstrates that "Section 27-7-49(2) relates solely to the statute of limitations established in subsection (1) for the time[ ]frame in which the Department may examine a return and issue an assessment, not the time[ ]frame in which a taxpayer is required to make a timely refund claim." This Court has held that, "[w]hen interpreting a statute, we must first examine the language of the statute in question." *MIC Life Ins. Co. v. Hicks*, 825 So. 2d 616, 621 (Miss. 2002). "Where a statute is unambiguous, the Court must apply the statute according to its plain meaning, refraining from principles of statutory construction." *OXY USA, Inc. v. Miss. State Tax Comm'n*, 757 So. 2d 271, 274 (Miss. 2000) (citing *City of Natchez v. Sullivan*, 612 So. 2d 1087, 1089 (Miss. 1992)).

A.    **Do Mississippi Code Sections 27-7-49 and 27-7-313 allow the Department's notice of examination to toll a taxpayer's time to file a refund claim?**

¶15.    Caesars asserts that, once a taxpayer has been notified of the Department's intent to conduct an examination, the statute of limitations on the assessment of taxes under Section 27-7-49(2) is tolled, which triggers the language in Section 27-7-313 stating that the restrictions in Section 27-7-313 "do not apply to those refund requests or claims made in compliance with subsections (2) and (3) of Section 27-7-49." Miss. Code Ann. § 27-7-313. Caesars is trying to claim that, since the Department's notice tolls the statute of limitations

8

in Section 27-7-49(1), which applies to the Department, the notice also tolls the statute of limitations applicable to taxpayers, found in Section 27-7-313, thus giving Caesars time to file its amended refund claim.

¶16. This Court, in *Mississippi State Tax Commission v. 3300 Corporation*, agreed with the commission that "once notice has been filed, [Section 27-7-49(1)] cannot begin to run against the commission at any subsequent time in the process[,]" as long as "'said determination shall be made with reasonable promptness and diligence.'" *Miss. State Tax Comm'n v. 3300 Corp.*, 515 So. 2d 912, 914 (Miss. 1987) (quoting Miss. Code Ann. (1972) § 27-7-49(2)). While this Court in *3300 Corporation* did not expressly use the word *toll*, its agreement with the commission nevertheless established that when the Department provides a notice of an examination in accordance with Section 27-7-49(2), the statute of limitations found within Section 27-7-49(1) cannot run, hence, it is tolled. The Court in *3300 Corporation* did not mention Section 27-7-313, nor did it find that the notice tolls a taxpayer's time to file a refund claim. *Id.*

¶17. The notice itself explicitly states that it serves to "arrest" the statute of limitations found within Sections 27-7-49 and Sections 27-13-49. While the notice does use the word *arrest* instead of *toll*, the two are synonymous.[2] Therefore, the notice tolls only the statute of

---

[2]This Court, in *Williams v. Clay County*, acknowledged the Black's Law Dictionary definition of the word *toll*: "[t]o suspend or stop temporarily as the statute of limitations . . . ." *Williams v. Clay Cty.*, 861 So. 2d 953, 973 (Miss. 2003) (quoting *Toll*, Black's Law Dictionary), *overruled on other grounds by Univ. of Miss. Med. Ctr. v. Easterling*, 928 So. 2d 815, 820 (Miss. 2006)); *see Toll*, Black's Law Dictionary (6th ed. 1990). The Department's website acknowledges that the word *arrest* has the same effect as the word *toll* by stating that the letter serves to "notice that [the Department] is arresting, or stopping, the statute of limitations from the date of the appointment letter." Miss. Dep't of Revenue, *Audit*

limitations mentioned in the notice, not that of Section 27-7-313.

¶18. Section 27-7-49(2) does not reference tolling Section 27-7-313 or tolling a taxpayer's time to seek a refund, and the only time restriction it mentions is the one found in Section 27-7-49(1), not the one found in Section 27-7-313. *See* Miss. Code Ann. § 27-7-49(2) (Rev. 2010).

¶19. This Court finds that Caesars' argument has no merit because neither this Court in *3300 Corporation*, the notice, nor the language of Section 27-7-49(2) extends the notice's tolling privilege to a taxpayer's time to file a refund claim.

### B. Does the plain language of Section 27-7-49(2) apply to a taxpayer's ability to file a refund claim?

¶20. Caesars asserts that a plain reading of Section 27-7-313, specifically the phrase, "however, the restrictions imposed by this section do not apply to those refund requests or claims made in compliance with subsections (2) and (3) of Section 27-7-49," creates an exception that allows for and envisions a taxpayer's making a refund request or claim under Section 27-7-49(2), even after the three-year limitations period has expired. Miss. Code Ann. § 27-7-313. The Department responds by asserting that the language of the two statutes clearly and unambiguously shows that this exception does not apply to Caesars' amended return because Section 27-7-49(2) does not apply to taxpayers, and it relates solely to the time the Department has to examine a return and issue an assessment.

---

*Procedures and Appeal Process* (Jan. 1, 2015), https://www.dor.ms.gov/Laws-Rules/Pages/Appeal-Process.aspx. Also, other jurisdictions have found that the words *arrest* and *suspend* have the same effect as the word *toll*. **State v. Stevens**, 831 S.E. 2d 364, 366 (N.C. Ct. App. 2019) ("To 'toll' the statute of limitations means to arrest or suspend the running of the time period in the statute of limitations.").

¶21.     Caesars relies on *Kansler v. Mississippi Department of Revenue*, 263 So. 3d 641

(Miss. 2018), to support its argument. But Caesars' reliance on *Kansler* is misplaced because

*Kansler* did not establish that a refund claim by a taxpayer could be made after the expiration

of the three-year time limit of Section 27-7-313. This Court stated explicitly in *Kansler* that

Mississippi Code Section 27-7-49(5)[3] established that a "taxpayer has three years from the

due date of her return to apply for a revision." *Kansler*, 263 So. 3d at 648 (citing Miss. Code

Ann. § 27-7-49(5) (Supp. 2008)). Additionally, this Court found that the time extensions

granted in Section 27-7-49(2)-(4) apply "at the behest of the Department" not at the behest

of the taxpayer and that the Department could effect a refund if one were "found during the

course of its audit." *Id.*; *see* Miss. Code Ann. § 27-7-49(2)-(4) (Rev. 2010). Therefore,

Section 27-7-49(2) applies only to the Department.

¶22.     The exception specifies that the "refund requests or refund claims" are to be "made

in compliance with" Section 27-7-49(2). Miss. Code Ann. § 27-7-313. But Section 27-7-

49(2) does not contain language that would allow a taxpayer to file a refund claim under this

section. *See* Miss. Code Ann. § 27-7-49(2). The plain language of Section 27-7-49(1) clearly

establishes that the Department has a limited time, three years, to initiate an examination of

a taxpayer's income tax returns. Miss. Code Ann. § 27-7-49(1). Likewise, Section 27-7-49(2)

clearly establishes an exception for the Department, which allows it still to have the ability

to make a determination regarding a taxpayer's income tax return even after the three years

---

[3]Mississippi Code Section 27-7-49(5) is the previous subsection containing this language. The language now appears in subsection 4 of Section 27-7-49. *See* Miss. Code Ann. § 27-7-49(4) (Rev. 2017).

in subsection 1 has expired as long as

1. the Department's examination was commenced within the three years under subsection 1,

2. the notice was given properly to the taxpayer within the three-year time period under subsection 1, and

3. the Department acted with reasonable promptness and diligence.

Miss. Code Ann. § 27-7-49(2). It is clear that Section 27-7-49(2) does not contain language regarding a taxpayer's ability to file a refund claim. *See id.* Also, this Court in ***Kansler*** held that Section 27-7-49(2) applies to the Department, not to taxpayers. ***Kansler***, 263 So. 3d at 648. Therefore, this Court cannot find that a taxpayer can file a refund claim in compliance with Section 27-7-49(2) when the statute itself does not permit it.

¶23.    Caesars argues that because the exception uses the phrase "refund requests or claims made," Section 27-7-49(2) has to apply to a taxpayer because a taxpayer is the only party in a position to make a refund request or refund claim. But there is a difference between a "refund claim" and a "refund request."

¶24.    A taxpayer is the only party who can make a refund claim because no one else is authorized and entitled to receive a tax refund.[4] The plain language of Mississippi Code Section 27-7-313 and Mississippi Code Section 27-7-51(1) provide that, in the event a taxpayer overpays, the taxpayer, not the Department, is to receive and shall be credited or refunded the overpaid amount. Miss. Code Ann. § 27-7-313; Miss. Code Ann. § 27-7-51(1)

---

[4]The word *claim* means "[t]o demand as one's own or as one's right; to assert; . . . . [The] [m]eans by or through which claimant obtains possession or enjoyment of privilege or thing." *Claim*, Black's Law Dictionary (6th ed. 1990).

(Rev. 2017).

¶25. But the Department is the only party authorized to assert a refund request. When the Department discovers through an examination that there has been an overpayment, the Department will request, on behalf of the taxpayer, that a refund be made, under Sections 27-7-313 and 27-7-51(1). *See* Miss. Code Ann. § 27-7-313; Miss. Code Ann. § 27-7-51(1). Section 27-7-313 states that when an examination of an applicable tax return reveals there has been an overpayment, which the taxpayer should be refunded or credited, the excess

> shall be certified to the State Auditor of Public Accounts by the commissioner. The said Auditor is hereby authorized to make such investigation and audit of the claim as he finds necessary. If he finds that the commissioner is correct in his determination, the Auditor may issue his warrant to the State Treasurer in favor of the taxpayer for the amount of tax erroneously paid into the State Treasury.

Miss. Code Ann. § 27-7-313. Essentially, the procedure laid out in Section 27-7-313 provides that once there has been an overpayment determination, the commissioner, not the taxpayer, is to request that the state auditor approve the amount suggested by the commissioner and begin the refund process. Miss. Code Ann. § 27-7-313. Thus, the Department is the only entity that can assert a refund request.

¶26. Section 27-7-313 uses the word *claim* instead of *request* when referring to the three-year time limit, which indicates that the time period to which it refers applies to the only party that can make a refund claim, the taxpayer. Miss. Code Ann. § 27-7-313. Therefore, Section 27-7-313 controls the time a taxpayer has to file a refund claim, not Section 27-7-49(2).

¶27. The exception provided within Section 27-7-313 refers disjunctively to "refund

13

requests or claims" when referencing Section 27-7-49(2). Miss. Code Ann. § 27-7-313. Section 27-7-49(2) does not apply to taxpayers. Miss. Code Ann. § 27-7-49(2); *Kansler*, 263 So. 3d at 648. Section 27-7-313 controls a taxpayer's time for filing an income tax refund claim, not Section 27-7-49(2). This Court finds that the chancellor did not err by finding that Section 27-7-49(2) does not extend the statute of limitations in Section 27-7-313.

    **II.    Whether, even if Caesars submitted its refund claim outside the statute of limitations provided in Mississippi Code Section 27-7-313, the chancellor erred by failing to find that Mississippi Code Section 27-7-49(2) extends the statute of limitations provided in Mississippi Code Section 27-7-313 for the Department to determine Caesars' correct tax liability and refund the amount of any overpayment so determined.**

    **A.    Does Mississippi Code Section 27-7-51(1) impose upon the Department a duty to determine a taxpayer's correct tax liability and issue a refund?**

¶28.    Caesars argues that, even if Section 27-7-49(2) extends only the Department's time frame and not the taxpayer's time frame, the Department has an obligation or duty under Section 27-7-51(1) to determine the correct tax liability of a taxpayer and to issue a refund if one is due. Section 27-7-51(1) provides,

> If, upon examination of a return made under the provisions of this article, it appears that the correct amount of tax is greater or less than that shown in the return, the tax shall be recomputed. Any overpayment of tax so determined shall be credited or refunded to the taxpayer.

Miss. Code Ann. § 27-7-51(1).

¶29.    This Court finds that the mandate of Section 27-7-51(1) that the Department refund an overpayment of taxes does not apply unless and until the Department has conducted an examination and has made such a determination. Miss. Code Ann. § 27-7-51(1). Here, the

14

Department already had conducted an examination of Caesars' initial tax return and concluded that its actual tax liability was not "greater or less than that shown in the return" and issued a tax assessment for $0. Miss. Code Ann. § 27-7-51(1). Because the Department found Caesars' tax determination was correct, Section 27-7-51(1) did not create a duty for the Department to issue a refund after its examination of Caesars' returns. Also, nothing in Section 27-7-51(1) mandates that the Department conduct a second examination. *See id.*

## B. Does the Department have an undesignated amount of time to issue a refund?

¶30. Caesars contends that the Department has an "undesignated amount of time" to determine a taxpayer's correct tax liability that allows it still to make a determination on tax liability after the statute of limitations has run, as long as the Department does so "with reasonable promptness and diligence."

¶31. But Section 27-7-49(1) clearly states that the Department has "three (3) years from the due date or the date the return was filed, whichever is later," to examine a taxpayer's tax liability and that the Department is not to make a determination after the three years expires "except as hereinafter provided." Miss. Code Ann. § 27-7-49(1). The Department has a set time for reviewing a taxpayer's tax returns.

¶32. *Kansler* and *3300 Corporation* demonstrate that the Department could have issued another assessment in 2014 if it had chosen to do so under one of the exceptions found in Section 27-7-49(2)-(4). *See Kansler*, 263 So. 3d at 648; *3300 Corp.*, 515 So. 2d at 914. Since the notice provided by the Department tolled the statute of limitations in Section 27-7-49, the Department had time remaining in which to commence another examination or make a

15

reassessment under Section 27-7-49(2). But the Department was under no duty or obligation to conduct a second examination to establish the correct tax liability of a taxpayer.

CONCLUSION

¶33.    The chancellor did not err by granting the Department's motion for summary judgment. Section 27-7-49(2) applies only to the Department and clearly and unambiguously does not afford a taxpayer additional time to file a new or amended tax-refund claim. The notice by the Department tolled only the Department's time to review the taxpayer's tax return. Section 27-7-313 establishes a taxpayer's statute of limitations for filing a refund claim, which is not tolled or extended by Section 27-7-49(2). Accordingly, this Court affirms the judgment of the Chancery Court of the First Judicial District of Hinds County.

¶34.    **AFFIRMED.**

**RANDOLPH, C.J., KING, P.J., COLEMAN, MAXWELL, BEAM, CHAMBERLIN AND ISHEE, JJ., CONCUR. GRIFFIS, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY RANDOLPH, C.J., COLEMAN, MAXWELL AND CHAMBERLIN, JJ.**

**GRIFFIS, JUSTICE, SPECIALLY CONCURRING:**

¶35.    This case considers whether the Mississippi Department of Revenue's examination (or audit)[5] of a taxpayer's tax return extends the taxpayer's three-year statute of limitations

---

[5] An examination by the Department is an intense review or audit of the taxpayer's accounting records.  The examination is expensive for the taxpayer because the taxpayer has the right to be represented by its accountants or lawyers.  The examination obligates the taxpayer to open its financial records, to produce supporting documentation, and to explain its reasons for certain tax decisions.  In reality, the taxpayer has to prove that its tax returns are correct.

to apply for and receive a refund. The majority determines that it does not.[6] I agree and write separately to explain.

¶36.   A controlling rule of construction says that each statute "dealing with the same or similar subject matter must be read *in pari materia* and to the extent possible each statute must be given effect so that the legislative intent can be determined." ***Miss. Pub. Serv. Comm'n v. Mun. Energy Agency of Miss.***, 463 So. 2d 1056, 1058 (Miss. 1985) (citing ***Atwood Chevrolet-Olds, Inc. v. Aberdeen Municipal School District***, 431 So. 2d 926 (Miss. 1983)).   There are several statutes for this Court to consider.

¶37.   A Mississippi taxpayer has three years to correct any mistake in a filed return. To do so, the taxpayer files an amended return and claims a refund is due.  The statute that governs this is Mississippi Code Section 27-7-313 (Rev. 2010), which reads,

> No refund shall be granted . . . unless a claim for same is made within three (3) years from the date the return is due, or within three (3) years from the final day of an extension period previously granted by the commissioner . . . ; however, the restrictions imposed by this section do not apply to those refund requests or claims made in compliance with subsections (2) and (3) of Section 27-7-49.

The last sentence indicates that the taxpayer's right to claim a refund may be extended beyond the three year time period if the refund claim "made is [in] compliance with

---

[6] There is a basic unfairness of this case, but that does not control the outcome. Caesars argues that it is entitled to a refund because of the ruling in ***Mississippi Department of Revenue v. Isle of Capri Casinos, Inc.***, 131 So. 3d 1192 (Miss. 2014).  In that case, this Court ruled that casinos like Caesars could apply gaming-license tax credits to offset income-tax liability of entire affiliated groups filing combined returns.  ***Id.*** at 1196-98 (¶¶ 12-17). Ultimately, this Court ruled that the Department had been incorrectly applying Mississippi law to calculate the correct tax liability for casinos under certain circumstances.  ***Id.***  Had the Department correctly calculated Caesars' income tax all along, this case would not be necessary.

subsections (2) and (3) of Section 27-7-49." *Id.* Subsection (2) of Section 27-7-49 is relevant here.

¶38. Section 27-7-49 gives the Department three years to examine any return filed. It reads,

(1) Returns shall be examined by the commissioner . . . within three (3) years from the due date or the date the return was filed, whichever is later, and no determination of a tax overpayment or deficiency shall be made by the commissioner, and no suit shall be filed with respect to income within the period covered by such return, after the expiration of said three-year period, except as hereinafter provided.

(2) When an examination of a return made under this article has been commenced, and the taxpayer notified thereof . . . within the three-year examination period provided in subsection (1) of this section, the determination of the correct tax liability may be made by the commissioner after the expiration of said three-year examination period, provided that said determination shall be made with reasonable promptness and diligence.

Miss. Code Ann. § 27-7-49 (1)-(2) (Rev. 2010).

¶39. If the Department decides to examine a taxpayer's return, the Department is obligated to determine the "correct tax liability" of a taxpayer and issue a refund if one is due. Along with Section 27-7-49(2), Section 27-7-51(1) also provides,

If, upon examination of a return made under the provisions of this article, it appears that the correct amount of tax is greater or less than that shown in the return, the tax shall be recomputed. Any overpayment of tax so determined shall be credited or refunded to the taxpayer.

Miss. Code Ann. § 27-7-51(1) (Rev. 2017).

¶40. I find no statute that would authorize, as Caesars argues, the tolling of the limitations period or that would allow the taxpayer any additional time to file an amended return during the Department's examination. The Mississippi tax statutes do not require an extension of

18

the limitations period because the Department's timely notice of examination obligates the Department to use the examination to "determin[e] the correct tax liability." When the Department initiates the examination, the taxpayer no longer has any reason to extend the limitations period. The Department's decision that results from the examination must be based on the "correct tax liability" and any dispute may be appealed. *See* Miss. Code Ann. § 27-77-3 to -7 (Rev. 2017) (review of examination result by board of review, board of tax appeals, and judicial review).

¶41. Therefore, Caesars' tax returns were open for examination from October 10, 2007 (the date that the Department sent a letter that notified Caesars that the Department would examine Caesars' past returns), until January 10, 2013 (the date that the Department sent a letter that notified Caesars that its examination was complete and that Caesars owed no additional taxes and was entitled to no refund). The purpose of this examination was to determine the "correct tax liability" owed by Caesars on the return, and both Caesars and the Department had the legal right to contest whether the return reported the "correct tax liability."

¶42. After seven years of the examination, the Department determined that Caesars owed no additional taxes to the state of Mississippi. During that time, Caesars had the opportunity to request a refund on the basis of *Isle of Capri*, 131 So. 3d 1192, but it did not. I have found no statute that allows Caesars an additional seventeen months to present this claim. For this reason, I would affirm the chancellor's decision.

**RANDOLPH, C.J., COLEMAN, MAXWELL AND CHAMBERLIN, JJ., JOIN THIS OPINION.**