# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-01658-SCT

*A. D. BUFFINGTON AND RUTH BUFFINGTON*

*v.*

*MISSISSIPPI STATE TAX COMMISSION*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/15/2009 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | ASHLEY WHITE PITTMAN |
| | J. STEPHEN STUBBLEFIELD |
| ATTORNEYS FOR APPELLEE: | STEPHANIE RUTLAND JONES |
| | HEATHER STAMPER DEATON |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 09/09/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRAVES, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     The Buffingtons reached a settlement with the Internal Revenue Service (IRS) regarding additional tax liability assessed by the federal government for previously unreported income. The Mississippi State Tax Commission (MSTC), within three years of being notified by the IRS that the IRS had increased the Buffingtons' reported taxable income, issued an assessment to the Buffingtons for the additional amount the Buffingtons owed in state income taxes.

¶2. Mississippi Code Section 27-7-49 provides that, when the IRS increases a taxpayer's reported taxable income, the MSTC may issue an assessment for additional state income taxes, but may not issue such an assessment "after three (3) years from the date the Internal Revenue Service disposes of the tax liability in question." Miss. Code. Ann. § 27-7-49(3) (Rev. 2006). The Buffingtons argue that the IRS "disposes of the tax liability in question" on the date a written settlement between the IRS and the taxpayer is executed. The MSTC, on the other hand, argues that the IRS "disposes of the tax liability in question" on the date the MSTC receives notice from the IRS of the change in the taxpayer's reported taxable income. If the Buffingtons' interpretation stands, the MSTC issued its assessment after the expiration of the three-year statute of limitations. But if the MSTC's interpretation stands, the MSTC issued its assessment before the expiration of the statute of limitations.

¶3. Having considered the reasonableness of each party's proposed interpretation, the common meaning of "dispose of," and the standard of review affording deference to the agency's interpretation, we find that the MSTC's interpretation should stand and that the chancery court order granting summary judgment in favor of the MSTC should be affirmed.

## FACTS AND PROCEDURAL HISTORY

¶4. In 2004, A.D. and Ruth Buffington reached a settlement with the IRS regarding additional tax liability assessed by the federal government based on previously unreported income in excess of $350,000 for tax year 2001. As evidence of that settlement, on March 23, 2004, A.D. Buffington and an IRS representative executed Form 4549, entitled Income Tax Examination Changes. On April 2, 2004, the Buffingtons submitted a check in the

2

amount of $96,038.95 to the IRS for full payment of the agreed-upon liability. The check did not clear the bank that same day, and neither party knows when the check cleared.

¶5. Although Form 4549 explained to the Buffingtons that they should file the appropriate state form if the change in their reported taxable income would affect the amount of state income tax they owed, the Buffingtons admit that they did not file an amended 2001 Mississippi income tax return.

¶6. On June 24, 2004, the IRS mailed Form 3210 to the MSTC, advising the MSTC that the IRS had increased the Buffingtons' income for tax year 2001. The MSTC signed for receipt of Form 3210 on July 7, 2004. On June 22, 2007, the MSTC issued a $37,999 assessment to the Buffingtons for the additional state income tax they owed for tax year 2001.

¶7. Despite the Buffingtons' argument to the MSTC that the MSTC's assessment fell outside the three-year statute of limitations during which the MSTC is statutorily permitted to make assessments (*see* Miss. Code. Ann. § 27-7-49(3) (Rev. 2006)), the MSTC continued to send the Buffingtons notices of assessment. The Buffingtons therefore requested a hearing before the MSTC's Review Board. The hearing took place on February 26, 2008, and on March 18, 2008, the Review Board issued Order No. 8814, upholding and affirming the MSTC's assessment of tax liability. The Buffingtons then appealed to the MSTC. The MSTC hearing took place on July 23, 2008, and on August 19, 2008, the MSTC issued an order upholding the order of the Review Board and affirming the assessment of tax liability.

3

¶8.     Having exhausted their administrative remedies, on September 18, 2008, the Buffingtons filed their Petition for Appeal of Mississippi State Tax Commission Order in the Chancery Court of Hinds County.[1] There being no disputed fact in this case, the MSTC filed a Motion for Summary Judgment on June 12, 2009. The Buffingtons filed a Response to Defendant's Motion for Summary Judgment and Counter-Motion for Summary Judgment on June 30, 2009. The parties presented oral argument on July 28, 2009. On September 15, 2009, the chancery court affirmed the MSTC's order affirming the assessment against the Buffingtons and granted the MSTC's motion for summary judgment. A final judgment prepared in accordance with the order was filed on September 29, 2009. Aggrieved, the Buffingtons timely appealed to this Court.

## DISCUSSION

¶9.     At issue is interpretation of Mississippi Code Section 27-7-49(3), which sets forth the three-year statute-of-limitations period during which the MSTC is permitted to make assessments, following the IRS' increase or decrease of a taxpayer's reported taxable income. Miss. Code. Ann. § 27-7-49(3) (Rev. 2006). Section 27-7-49 reads as follows:

> (1) Returns shall be examined by the commissioner or his duly authorized agents within three (3) years from the due date or the date the return was filed, whichever is later, and no determination of a tax overpayment or deficiency shall be made by the Commissioner, and no suit shall be filed with respect to income within the period covered by such return, after the expiration of said three-year period, except as hereinafter provided.

---

[1] In accordance with statutory requirements (*see* Miss. Code Ann. § 27-77-7(3) (Rev. 2008)), before filing their petition in the chancery court, the Buffingtons paid the assessment to the MSTC under protest.

4

. . .

        (3) Where the reported taxable income of a taxpayer has been increased or decreased by the Internal Revenue Service, the three-year examination period provided in subsection (1) of this section shall not be applicable, insofar as the Mississippi income tax liability is affected by the specific changes made by said Internal Revenue Service. ***However, no additional assessment or no refund shall be made under the provisions of this article after three (3) years from <u>the date the Internal Revenue Service disposes of the tax liability in question.</u>***

. . .

Miss. Code. Ann. § 27-7-49 (Rev. 2006) (emphasis added).

¶10. The Buffingtons and the MSTC propose different interpretations of the underlined statutory language: "the date the Internal Revenue Service disposes of the tax liability in question." Miss. Code. Ann. § 27-7-49(3) (Rev. 2006). The Buffingtons argue that the IRS disposes of the federal tax liability on the date a written settlement between the IRS and the taxpayer is executed, which in this case occurred on March 23, 2004, through the execution of IRS Form 4549. The MSTC, on the other hand, argues that the IRS disposes of the tax liability on the date the MSTC receives IRS Form 3210, which is accompanied by information regarding changes in a taxpayer's reported income for the applicable year. In this case, the MSTC received IRS Form 3210 on July 7, 2004. The MSTC mailed its initial letter of assessment to the Buffingtons on June 22, 2007. Thus, if the Buffingtons' interpretation stands, the MSTC's assessment was issued after the three-year statute of limitations imposed by Section 27-7-49(3) had expired. But if the MSTC's interpretation stands, the assessment was issued within the three-year statute of limitations.

¶11. The chancery court found that the interpretation proposed by the MSTC is not the only possible interpretation of the statute, but found in favor of the MSTC, based on an analysis of which party's interpretation was more reasonable and on the applicable standard of review affording deference to the agency's interpretation.

¶12. Appellate review of an agency's decision is a limited inquiry. *Hinds County Sch. Dist. Bd. of Trs. v. R.B.,* 10 So. 3d 387, 394 (Miss. 2008). As this Court has held:

> We will reverse the decision of an administrative agency only if the decision (1) was unsupported by substantial evidence; (2) was arbitrary and capricious;[2] (3) was beyond the power of the administrative agency to make; or (4) violated the complaining party's statutory or constitutional right. . . .
>
> An agency's interpretation of a rule or statute governing the agency's operation is a matter of law that is reviewed de novo, but with great deference to the agency's interpretation. This duty of deference derives from our realization that the everyday experience of the administrative agency gives it familiarity with the particularities and nuances of the problems committed to its care which no court can hope to replicate. However, if an agency's interpretation is contrary to the unambiguous terms or best reading of a statute, no deference is due. An agency's interpretation will not be upheld if it is so plainly erroneous or so inconsistent with either the underlying regulation or

---

[2] This Court has defined "arbitrary" and "capricious" as follows:

"Arbitrary" means fixed or done capriciously or at pleasure. An act is arbitrary when it is done without adequately determining principal [*sic*]; not done according to reason or judgment, but depending on the will alone, – absolute in power, tyrannical, despotic, non-rational, – implying either a lack of understanding of or a disregard for the fundamental nature of things.

"Capricious" means freakish, fickle, or arbitrary. An act is capricious when it is done without reason, in a whimsical manner, implying either a lack of understanding of or a disregard for the surrounding facts and settled controlling principles.

*Miss. Methodist Hosp. and Rehab. Ctr., Inc. v. Miss. Div. of Medicaid*, 21 So. 3d 600, 610 (Miss. 2009).

statute as to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.

***Miss. Methodist Hosp. and Rehab. Ctr., Inc. v. Miss. Div. of Medicaid***, 21 So. 3d 600, 606-07 (Miss. 2009) (internal quotations and citations omitted).

¶13.    In addition, this Court has established the following regarding statutory interpretation:

[We] will not engage in statutory interpretation if a statute is plain and unambiguous. However, statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue.[3] In either case, the ultimate goal of this Court is to discern the legislative intent. The best evidence of legislative intent is the text of the statute; the Court may also look to the statute's historical background, purpose, and objectives. If a statute is ambiguous, it is this Court's duty to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case.

***Id.*** at 607-608 (internal quotations and citations omitted).

¶14.    We find that the statute is ambiguous, and we agree with the chancery court that the MSTC's interpretation of the statute, which the MSTC historically has applied, is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

¶15.    The MSTC's interpretation of the disputed statutory language – "the date the Internal Revenue Service disposes of the tax liability in question" – is reasonable, because the MSTC is not informed of the date the IRS and the taxpayer executed the written settlement changing the taxpayer's reported taxable income (Form 4549). The MSTC is not notified that there has been a change in the taxpayer's reported taxable income until the MSTC receives Form

---

[3] This Court has found that, when there is more than one fair reading of statutory language, the statute is ambiguous. ***Pope v. Brock***, 912 So. 2d 935, 936-37 (Miss. 2005).

3210 from the IRS. And Form 3210 does not inform the MSTC of the date the written settlement was executed, nor of the date the liability ultimately was paid.[4] Therefore, the interpretation of the statute proposed by the Buffingtons is unreasonable because, although the MSTC would not be informed of the alleged date of disposition, it would nevertheless have three years from that date to issue an assessment for tax liability.

¶16. Furthermore, no existing authority interprets the meaning of "disposed of" as used in Section 27-7-49(3) (Miss. Code. Ann. § 27-7-49 (Rev. 2006)), and in the absence of a statutory definition of a phrase, it must be given its common and ordinary meaning. *Tower Loan of Miss., Inc. v. Miss. State Tax Comm'n*, 662 So. 2d 1077, 1083 (Miss. 1995). Black's Law Dictionary defines "dispose of" as ". . . [t]o exercise finally, in any manner, one's power of control over; to pass into the control of someone else; to alienate, relinquish, part with, or get rid of; to put out of the way; to finish with; to bargain away. . . ." *Black's Law Dictionary* 471 (6th ed. 1990).[5] Random House Webster's Unabridged Dictionary defines "dispose of" as "to deal with conclusively; settle. . . . to get rid of; discard. . . . to

---

[4] The Buffingtons contend that Form 3210 provides the MSTC with "the exact date of disposition" – which the Buffingtons argue is the date a written settlement agreement is executed – but the Buffingtons offer no evidence that this is true. The MSTC asserts that the IRS does not provide it with the date of written settlement (neither on the date the written settlement is executed nor thereafter), and the MSTC is in the best position to inform the courts of whether or not the MSTC receives this information. The chancery court found that the MSTC had no notice of the execution of Form 4549 (nor of the Buffingtons' later payment of the liability).

[5] The most recent edition of Black's Law Dictionary does not define "dispose of." *Black's Law Dictionary* 539 (9th ed. 2009).

transfer or give away . . . . to do away with; destroy." *Random House Webster's Unabridged Dictionary* 568 (2d ed. 2001).

¶17.   The MSTC's interpretation of "disposed of" as the date the MSTC receives Form 3210 is consistent with these common and ordinary meanings of the phrase.  The definitions of "dispose of" include "to finish with" and "to deal with conclusively," which the IRS has not done until it has fulfilled its agreement with the MSTC, explained on Form 4549, to exchange information with the MSTC regarding federal tax increases or decreases.  While the execution of Form 4549 and the subsequent payment of the liability may have marked the disposition of the federal matter for the Buffingtons, it did not mark the disposition of the matter for the IRS.  The definitions of "disposes of" also include "to transfer or give away" and "to pass into the control of someone else," which is arguably what occurred when the MSTC received Form 3210 from the IRS.

¶18.   Additionally, the IRS could not have "disposed of" the tax liability before the Buffingtons had paid the IRS the agreed-upon amount, which the Buffingtons did not do until some time *after* the date they executed the written settlement agreement – i.e., which the Buffingtons did not do until after the date they contend the IRS "disposed of" the tax liability.  The Buffingtons admit that they did not submit payment to the IRS until April 2, 2004, and further, that the check did not clear the bank that same day.  The Buffingtons do not know when the check cleared.  Thus, not only could the IRS not have "disposed of" the tax liability before the Buffingtons had paid it, but it would be unreasonable to find that the date payment is made to the IRS is the date the IRS "disposes of" the tax liability, because

9

the MSTC is not notified of the date the taxpayer submits payment to the IRS nor of the date the taxpayer's check to the IRS clears the bank.

¶19.   Accordingly, we find that the MSTC's interpretation is supported by substantial evidence and is not arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law. *See **Miss. Methodist Hosp. and Rehab. Ctr., Inc.***, 21 So. 3d at 606-07.   To the contrary, the MSTC's interpretation is reasonable in that it results in the statute of limitations beginning to run on the date the MSTC became aware of the change in the taxpayer's reported taxable income, not on a date undisclosed to the MSTC.   Therefore, we find that the IRS did not dispose of the tax liability in question until July 7, 2004, when the MSTC received the pertinent information from the IRS on Form 3210.   Thus, the MSTC's June 22, 2007, assessment was issued within the three-year statute of limitations period set forth in Mississippi Code Section 27-7-49(3).   Miss. Code. Ann. § 27-7-49(3) (Rev. 2006).

## CONCLUSION

¶20.   For the reasons discussed above, we affirm the chancery court's judgment granting summary judgment in favor of the MSTC and affirming the MSTC's assessment against the Buffingtons.

**¶21.   AFFIRMED.**

**WALLER, C.J., CARLSON, P.J., RANDOLPH, CHANDLER AND PIERCE, JJ., CONCUR.   DICKINSON, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LAMAR AND KITCHENS, JJ.**

10

**DICKINSON, JUSTICE, DISSENTING:**

¶22. The issue before the Court is fairly uncomplicated. The Buffingtons – who settled a tax dispute with the Internal Revenue Service – had their federal taxes increased. When that happens, Mississippi law allows the Mississippi State Tax Commission ("Commission") to issue an assessment for additional state taxes, provided it does so within "three (3) years from the date the Internal Revenue Service <u>disposes of the tax liability in question</u>."[6] So the key question in today's case is when the IRS disposed of the Buffington's federal tax liability.

¶23. After settling with the IRS, the Buffingtons tendered a check to pay the settlement on April 2, 2004. One would think – even under the interpretation most generous to the Commission – that the Buffingtons' IRS tax liability was disposed of when it was paid (I think most folks understand that a debt is disposed of when it is paid). And after all, once the tax is paid, there remains no tax liability to be disposed of.

¶24. The Commission did not issue an assessment until June 22, 2007 – more than three years after the federal tax was paid. So one would think it is statutorily time-barred from doing so. Not so, says the majority.

¶25. The Commission has persuaded the majority that the Buffingtons' tax liability was not actually "disposed of" when it was paid. Rather it takes the interesting position that, even though the liability no longer exists, it nevertheless has not been disposed of. Instead (according to the majority) the tax liability (which no longer exists) is disposed of only after

---

[6] Miss. Code. Ann. § 27-7-49 (Rev. 2006) (emphasis added).

11

the IRS decides (if it does) to notify the MSTC that the tax liability has been disposed of. Only then is the already disposed-of tax liability <u>really</u> disposed of.

¶26.    The notice at issue is curiously absent from the record. So we don't even know what it says. The Commission provides us with no evidence to inform us of when, and under what circumstances, such notices are provided by the IRS. One would think if the notice really does trigger the beginning of the running of the statute of limitations, the record would include a copy of it.

¶27.    Section 27-7-49 unquestionably imposes a difficulty on the Commission. But the statute says what it says. This Court didn't draft it and we are not responsible for its language. The Commission's remedy should lie with the Legislature, not here.

¶28.    Interestingly, the Commission does not even argue that the language of the statute supports its position. Instead, it argues that strict application of the statute's language is "unworkable."

¶29.    Since joining this Court in 2004, I perceive that we are slowly moving toward strict application of statutory language – two steps forward and one step back. Today, we take a step back. I respectfully dissent.

    **LAMAR AND KITCHENS, JJ., JOIN THIS OPINION**.