GRIFFIS, P.J.,
for the Court:
¶ 1. The City of Cleveland, Mississippi appeals the judgment of the Chancery Court of DeSoto County denying the City’s request for attorneys’ fees related to Mid-South Associates, LLC’s attempt to relocate a nursing home. The City claims it is owed attorneys’ fees under the statutory requirements of Mississippi Code Annotated section 41-7-201 (2)(f) (Rev.2009). We find no error and affirm the chancellor’s judgment to deny the City’s request for attorney’s fees.
FACTS
¶ 2. In 2006, Mid-South filed an application for a Certificate of Need (“CON”) with the Mississippi Department of Health in an effort to relocate seventy-five nursing-home beds from Bolivar County to De-Soto County. The City, which is located in Bolivar County, joined the action in opposition to Mid-South’s request. The CON was denied.
¶ 3. Mid-South appealed the Health Department’s decision to the Chancery Court of DeSoto County. The chancellor reversed the denial of the CON. The Health Department and the City then appealed the chancellor’s decision to the Mississippi Supreme Court. That appeal was deflected to this Court, and we reversed the chancellor’s judgment and reinstated the Health Department’s denial of the CON. Miss. State Dep’t of Health v. Mid-South Assoc., 25 So.3d 358 (Miss.Ct.App.2009). On January 21, 2010, the supreme court denied Mid-South’s request for certiorari review. Id.
¶ 4. On January 27, 2010, the City filed a motion in the chancery court seeking statutory attorney’s fees and costs under section 41-7-201 (2)(f), which states, in part: “The [chancery] court, as part of the final order, shall make an award of costs, fees, reasonable expenses and attorney’s fees incurred in favor of appellee payable by the appellant(s) should the court affirm the order of the State Department of Health.”
¶ 5. The City argued that since the Health Department’s decision was ultimately affirmed by this Court’s reversal of the chancellor’s reversal, the Mississippi Legislature intended for attorneys’ fees to be awarded in this situation. The chancellor, applying the precise language of the statute, held that she could not award attorney’s fees because she had reversed, and not affirmed, the Health Department’s decision.
¶ 6. The chancellor further found that she had no jurisdiction to award attorney’s fees because this Court did not remand the case for such an award. Instead, this Court reversed the judgment and rendered an opinion that reinstated the Health Department’s decision. Accordingly, the chancellor found that she had no authority to reopen the case for an award of attorney’s fees. The City now appeals the chancellor’s judgment.
STANDARD OF REVIEW
¶ 7. This appeal concerns the interpretation of a statute, which is a question of law that we review de novo. Finn v. State, 978 So.2d 1270, 1272 (¶ 6) (Miss.2008).
ANALYSIS
¶ 8. The question here is whether the City is entitled to an award of attorney’s fees under section 41-7-201 (2)(f). There are two instances where the Legislature has made it explicitly clear that attorney’s fees must be awarded following an unsuccessful appeal of the Health Department’s decision on a CON.
*1139 ¶ 9. First, if a party appeals a CON decision to the chancery court and the chancery court fails to act on the appeal within 120 days of the Health Department’s final decision, the chancery court’s inaction acts as an affirmance. If this constructive affirmance is upheld by the supreme court on appeal, the supreme court must award attorney’s fees to the appellee. Section 41-7-201 (2)(c) provides in part:
The chancery court shall give preference to any such appeal from a final order by the State Department of Health in a certificate of need proceeding, and shall render a final order regarding such appeal no later than one hundred twenty (120) days from the date of the final order by the State Department of Health. If the chancery court has not rendered a final order within this 120-day period, then the final order of the State Department of Health shall be deemed to have been affirmed by the chancery court, and any party to the appeal shall have the right to appeal from the chancery court to the Supreme Court on the record certified by the State Department of Health as otherwise provided in paragraph (g) of this subsection. In the event the chancery ' court has not rendered a final order within the 120-day period and an appeal is made to the Supreme Court as provided herein, the Supreme Court shall remand the case to the chancery court to make an award of costs, fees, reasonable expenses!,] a/nd attorney’s fees incurred in favor of appellee payable by the appellants) should the Supreme Court affirm the order of the State Department of Health.
(Emphasis added).
¶ 10. Second, if a party appeals a CON decision to the chancery court and the chancery court affirms the Health Department’s final decision, the chancery court shall award attorney’s fees. Section 41-7-201(2)(f) provides:
The court, as part of the final order, shall make an award of costs, fees, reasonable expenses and attorney’s fees incurred in favor of appellee payable by the appellant(s) should the court affirm the order of the State Department of Health.
¶ 11. The Legislature has also given the chancery court discretion to award attorney’s fees as a part of its final ruling on an appeal of a CON. Section 41 — 7—201 (2)(f) provides:
The court may dispose of the appeal in termtime or vacation and may sustain or dismiss the appeal, modify or vacate the order complained of in whole or in part and may make an award of costs, fees, expenses!,] a/nd attorney’s fees, as the case may be....
(Emphasis added).
¶ 12. There is no provision in the statute concerning an award of attorney’s fees when, as here, the chancellor reversed the Health Department’s decision and the chancellor was then reversed on appeal. Consequently, the City must depart from the clear language of the statute and argue the intention behind such language. The City argues that the purpose of the statute is to limit an unnecessary appeal of the Health Department’s decision by mandating an award of attorneys’ fees when the Health Department’s decision is ultimately upheld. Thus, the City claims that, while the procedural path of this case is not included in the language of the statute, it falls within the Legislature’s intent to award attorney’s fees when the Health Department’s decision is upheld.
¶ 13. The supreme court has stated the following rule regarding the interpretation of a statute:
We will not engage in statutory interpretation if a statute is plain and un *1140 ambiguous. However, statutory interpretation is appropriate if a statute is ambiguous or is silent on a specific issue. In either case, the ultimate goal of this Court is to discern the legislative intent. The best evidence of legislative intent is the text of the statute; the Court may also look to the statute’s historical background, purpose, and objectives. If a statute is ambiguous, it is this Court’s duty to carefully review statutory language and apply its most reasonable interpretation and meaning to the facts of a particular case.
Buffington v. Miss. State Tax Comm’n, 43 So.3d 450, 454 (¶ 13) (Miss.2010) (citation omitted).
¶ 14. It is undisputed that the language of the statute is plain and unambiguous. The statute is not silent on the issue of attorney’s fees; instead, it explicitly provides for an award of attorney’s fees in the situations discussed above. Again, we are left with the City’s claim that the Legislature clearly intended to award attorney’s fees in all instances where the Health Department’s decision is ultimately upheld.
¶ 15. However, our rules of statutory construction insist that the best evidence of the Legislature’s intent is the text of the statute. Here, the Legislature enacted section 41-7-201, which delineates the procedure used to appeal a final decision pertaining to a CON. Attorney’s fees are mandatory in some cases, discretionary in some cases and, as here, not specifically addressed. Looking at the language of the statute, we cannot say that this was an oversight on the part of the Legislature.
¶ 16. Nor can we determine, as the City argues, that the Legislature’s failure to include a mandatory award of attorney’s fees for this procedural path works an absurd result. The City argues in its brief that the intention of the Legislature is to prevent the unnecessary appeal of the Health Department’s decision. But it is entirely possible that the Legislature did not intend to discourage an appeal that initially showed some level of merit. The statute mandates an award of attorney’s fees where the appeal of the Health Department’s decision showed no merit at the first level of review — the decision was either affirmed by the chancellor or affirmed by the supreme court upon the chancellor’s inaction in the matter.
¶ 17. Here, the chancellor found that Mid-South’s appeal of the Health Department’s decision had merit; therefore, the appeal passed through the first level of review before it was reversed by this Court. Although this distinction has no effect on the ultimate outcome in the case, it is possible that the Legislature considered the distinction when it determined which type of appeal to discourage by mandating attorney’s fees.
¶ 18. We find that the language of section 41-7-201 is clear and unambiguous. There is no provision for attorney’s fees when, as here, this Court reverses the chancellor’s reversal of the Health Department’s decision. We are bound to follow the clear language of the statute as it is our best guide to the Legislature’s intent. Accordingly, we find that the chancellor properly denied the City’s motion for attorney’s fees because there was no statutory basis for the award.
¶ 19. THE JUDGMENT OF THE CHANCERY COURT OF DESOTO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR.