**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2022-SA-00033-COA**

LINDA T. McCOY                                                    APPELLANT

v.

MISSISSIPPI DEPARTMENT OF REVENUE                              APPELLEES
AND MISSISSIPPI BOARD OF TAX APPEALS

| | |
|---|---|
| DATE OF JUDGMENT: | 12/13/2021 |
| TRIAL JUDGE: | HON. J. DWAYNE THOMAS |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LINDA T. McCOY (PRO SE) |
| ATTORNEYS FOR APPELLEES: | JOHN STEWART STRINGER DREW DOUGLAS GUYTON |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| DISPOSITION: | AFFIRMED - 03/07/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE CARLTON, P.J., WESTBROOKS AND McDONALD, JJ.**

**McDONALD, J., FOR THE COURT:**

¶1.     In 2019, the Mississippi Department of Revenue issued an assessment increasing Linda T. McCoy's Mississippi taxable income for the 2009 and 2010 tax years. McCoy challenged the Department's assessment administratively, and both the Board of Review and the Mississippi Board of Tax Appeals affirmed the assessment. McCoy then appealed to the Hinds County Chancery Court. The Department of Revenue and the Board of Tax Appeals filed motions to dismiss, which the chancery court granted. McCoy now appeals arguing that the chancery court erred in granting the motions to dismiss. Finding no error, we affirm the chancery court's order.

## FACTS AND PROCEDURAL HISTORY

¶2.     Linda T. McCoy timely filed her 2009 and 2010 tax returns with the Internal Revenue Service (IRS). The IRS then increased McCoy's federal taxable income by $317,945 for the 2009 and 2010 tax years. The IRS notified the Mississippi Department of Revenue (MDOR) of the increase in McCoy's 2009 federal taxable income on July 12, 2016, and of its increase of her 2010 taxable income on January 5, 2017, through its Examination Operational Automated Database (EOAD).[1]

¶3.     On April 19, 2018, McCoy filed a voluntary Chapter 7 petition for relief in the United States Bankruptcy Court for the Southern District of Mississippi.

¶4.     In 2019, after the MDOR reviewed the information received from the IRS, the MDOR increased McCoy's Mississippi taxable income for the 2009 and 2010 tax years by $294,408.[2] Then on March 27, 2019, the MDOR issued a tax assessment against McCoy in the amount of $27,923 ($15,898 tax, $3,974 penalty, and $8,051 interest) for both the 2009 and 2010 tax years.

¶5.     After receiving the MDOR's 2019 assessment, McCoy filed a "Motion to Amend II" in the bankruptcy court, arguing that the MDOR's assessment was issued "more than 300 days after the commencement" of her 2018 bankruptcy proceedings. *In re McCoy*, No.

---

[1]  The EOAD allows tracking of IRS examination adjustments by issue and related cause. The EOAD report contains IRS closed examination case information, which is primarily used to determine the impact of federal audit assessments on state/local liabilities. *See* IRM 11.4.2.7.5 (Dec. 3, 2020).

[2]  The MDOR increased McCoy's taxable income for 2009 tax year by $167,048 and the 2010 tax year by $127,360. The MDOR also increased McCoy's 2010 taxable income by $23,537 for additional gaming income.

2

07-02998-NPO, 2020 WL 718266, at \*15 (Bankr. S.D. Miss. Feb. 3, 2020). Specifically, McCoy argued that her unpaid state income tax liabilities for the 2009 and 2010 tax years were dischargeable pursuant to the 240-day rule under 11 U.S.C. § 507(a)(8)(A)(ii). *Id*. Under federal bankruptcy law, some income taxes that are assessed within 240 days before the filing of the bankruptcy petition are considered priority claims and are not dischargeable. *See* 11 U.S.C. § 507(a)(8)(A)(ii); *id*. § 523(a)(1(A). Under 11 U.S.C. § 507(a)(8)(A)(iii), if a tax is "assessable" but not assessed until after the commencement of the bankruptcy proceedings, it usually is not dischargeable.

¶6.    McCoy appealed the MDOR's tax assessment to the Board of Review (the Board) pursuant to Mississippi Code Annotated section 27-77-5(1) (Rev. 2017).[3]  In the written report of its minutes, the Board stated that the MDOR had received documentation from the IRS showing that McCoy "failed to report gambling income of $23,537 in 2010 and additional other income of $294,408 in 2009 and 2010 ($167,048 and $127,360, respectively)." After the MDOR's audit staff verified this information, the staff made an assessment of McCoy's individual income tax based upon this unreported income. McCoy

---

[3]  Section 27-77-5(1) provides:

Any taxpayer aggrieved by an assessment of tax by the agency, by the agency's denial of a refund claim, by the denial of a waiver of tag penalty, or the denial of a claim to tax credits or incentives, and who wishes to contest the action of the agency shall, within sixty (60) days from the date the agency mailed or delivered written notice of the action, file an appeal in writing with the Board of Review requesting a hearing and correction of the contested action specifying in detail the relief requested and any other information that might be required by regulation. Even after an appeal is filed with the Board of Review, the agency retains the authority to change the assessment, the denial of refund claim or the denial of tag penalty being appealed.

disputed the characterization of the $294,408 as income, arguing that the additional funds she received were repayment for a loan that she extended to her former employer in 2000. The Board rejected McCoy's argument, finding that McCoy had "provided no substantiation for her assertion." The Board further stated that the MDOR's assessment was accurate and reasonable based on the information provided by the IRS. Thus, the Board affirmed MDOR's assessment and determined that the assessment would be updated to include accrued interest. On January 14, 2021, the Board issued an order amending the MDOR's assessment from $27,923 to $29,275.

¶7. McCoy appealed the Board's decision to amend and affirm the MDOR's assessment to the Mississippi Board of Tax Appeals (MBTA) pursuant to Mississippi Code Annotated section 27-4-3(1)(b) (Rev. 2017).[4] McCoy did not challenge the amount or basis of the assessment. She raised only whether the assessment was issued within the applicable statute of limitations as outlined in Mississippi Code Annotated section 27-7-49(1) (Rev. 2017).[5]

---

[4] Section 27-4-3(1)(b) states that the Board of Tax Appeals shall have the following powers and duties:

> To have jurisdiction over all administrative appeals to the board from decisions of the review board and administrative hearing officers of the Department of Revenue under Sections 27-77-5, 27-77-9, 27-77-11 and 27-77-12, to arrange the time and place of the hearing on any such appeal, and where required, to arrange for any evidence presented to the board at such hearing to be transcribed or otherwise preserved for purposes of making a record of the hearing.

[5] Section 27-7-49(1) provides:

> Returns shall be examined by the commissioner or his or her duly authorized agents within three (3) years from the due date or the date the return was filed, whichever is later, and no determination of a tax overpayment or deficiency

4

In other words, McCoy was seeking a judgment determining when the back taxes became "assessable" by the MDOR. On July 21, 2021, the MBTA held a hearing on McCoy's protest and appeal.[6] The MDOR argued that section 27-7-49(5) provides an exception to the three-year examination period for instances when the IRS increases or decreases a taxpayer's income that affects the Mississippi income tax liability.[7] Specifically, the MDOR argued that the exception allows the MDOR to make an assessment within three years from the date the IRS "disposes of the liability." Citing *Buffington v. Mississippi State Tax Commission*, 43 So. 3d 450, 454-55 (Miss. 2010), the MDOR further argued that the IRS disposes of the tax liability when the MDOR receives the information from the IRS.

¶8. At the hearing, Jessica Barnett, an MDOR auditor who handled McCoy's audit and assessment, explained that the IRS notifies the state of adjustments to taxpayers' returns

---

shall be made by the commissioner after the expiration of the three-year period, except as provided in this section and as provided in Section 27-7-307.

[6] The transcript of the hearing was not included in the record.

[7] Section 27-7-49(5) states:

Where the reported taxable income of a taxpayer has been increased or decreased by the Internal Revenue Service, the three-year examination period provided in subsection (1) of this section shall not be applicable, insofar as the Mississippi income tax liability is affected by the specific changes made by said Internal Revenue Service. However, no additional assessment or no refund shall be made under the provisions of this article after three (3) years from the date the Internal Revenue Service *disposes of the tax liability* in question.

(Emphasis added).

5

through the EOAD.[8] The information is transmitted from the EOAD to the MDOR's computer system. Barnett stated that the EOAD Taxpayer Report notes the date the IRS information is released to the state, and the MDOR has three years from that date to review the IRS adjustment and make an additional assessment. According to Barnett, McCoy's information for the 2009 period was released by the EOAD (IRS) to the MDOR on July 12, 2016, and her information for the 2010 period was released on January 5, 2017. There was no testimony noted describing the MDOR's internal process for how or when it assesses the information received from the IRS and reassesses tax liability.

¶9. In response, McCoy argued that the assessment date was the day that the MDOR actually retrieved the information that the IRS had disposed of her tax liability. Accordingly, McCoy asserted that the statute of limitations began on March 27, 2019, when the MDOR issued its assessment and not when the MDOR's computer system received the information. McCoy further argued that the court in *Buffington* held that "'dispose' meant to transfer into control of someone else." Therefore, she asserted that the statute of limitations did not begin until the MDOR actually reviewed the information received from the IRS. At the conclusion of the hearing, the MBTA took the matter under advisement for a decision and determination at a later date.

¶10. On August 18, 2021, the MBTA issued an order affirming the Board's decision. In its order, the MBTA noted that in *Buffington*, the Mississippi Supreme Court held that "the IRS 'disposed of' the tax liability in question on the date it received the IRS form advising

---

[8] No other testimony was referenced in the MBTA's order.

6

the Department that the IRS had increased the Buffingtons' income." Therefore, the MBTA found that the statute of limitations on McCoy's assessment began to run on the date that the MDOR received the information (July 12, 2016, and January 5, 2017) from the IRS through the EOAD. Thus, the MBTA affirmed the Board's decision holding that the MDOR's March 27, 2019 assessment was within the statute of limitations as set forth in section 27-7-49(5).

¶11.　On October 18, 2021, McCoy filed a petition appealing the MBTA's order in the Hinds County Chancery Court, naming the MDOR as the sole respondent pursuant to Mississippi Code Annotated section 27-77-7(2) (Rev. 2017).[9] In her appeal, McCoy asserted that the MDOR had presented erroneous dates for when the IRS "disposed" of her 2009 and 2010 tax liabilities to make them assessable. Although the MDOR asserted that McCoy's tax information was released to the MDOR on July 12, 2016, and January 5, 2017, McCoy argued that official records from the IRS indicated that the first time her 2009 tax information was released to the MDOR was actually in May 2017 for the 2009 tax year and July 2018 for the 2010 tax year.[10] Thus, McCoy argued that although the MDOR could log

---

[9] Section 27-77-7(2) states:

> A petition under subsection (1) of this section shall be filed in the chancery court of the county or judicial district in which the taxpayer has a place of business or in the Chancery Court of the First Judicial District of Hinds County, Mississippi; however, a resident taxpayer may file the petition in the chancery court of the county or judicial district in which he is a resident. If both the agency and the taxpayer file a petition under subsection (1) of this section, the appeals shall be consolidated and the chancery court where the taxpayer filed his petition shall have jurisdiction over the consolidated appeal.

[10] The EOAD reports, that were entered into evidence, reflected July 12, 2016, as the date that the IRS recomputed McCoy's taxable income for her 2009 taxes, and January 5, 2017, as the date the IRS recomputed her 2010 taxes. The MDOR auditor testified that

7

in to their website to obtain this information on these dates, the documents were not in the MDOR's possession, custody, or control because it did not access the information until March 2019, when the MDOR issued her assessment. According to McCoy, the Fifth Circuit Court of Appeals in *In re Grand Jury Subpoena*, 646 F.2d 963, 969 (5th Cir. Unit B June 1981), held that mere access to documents is not possession, custody, or control. Therefore, McCoy argued that the MDOR failed to prove that the IRS had disposed of her tax liabilities in 2016 and 2017.[11]

¶12. McCoy filed an amended petition appealing the MBTA's order on October 29, 2021, adding the MBTA as a party. In addition to the exhibits that were attached to her initial appeal, McCoy also attached as exhibits the MBTA's order, the EOAD Taxpayer Report for the 2009 tax year, the bankruptcy court's certification, an affidavit from the Bureau Director of Individual Income Tax, Lauren Windmiller, an affidavit from Jessica Barnett, and a draft

those were the dates from which the three-year statute of limitations to reassess McCoy's taxes for those years began. McCoy argued that these dates were wrong, attaching two reports (source unknown), which stated:

> RETURN INFORMATION WAS RELEASED TO AN AUTHORIZED
> STATE OR AGENCY - INFORMATION RELEASED:
> TAX YEAR**: 2009** DATE: **MAY 2017**
>
> . . . .
>
> RETURN INFORMATION WAS RELEASED TO AN AUTHORIZED
> STATE OR AGENCY - INFORMATION RELEASED:
> TAX YEAR: **2010** DATE: **JULY 2018**

[11] McCoy attached the following exhibits to her petition: (A) the MDOR's 2019 assessment, (B) the Board's order, (C) the EOAD Taxpayer Report for the 2010 tax year, (D) a letter from IRS manager Jason Angelotti, (E) documents from IRS regarding the 2009 tax year, and (F) documents from the IRS regarding the 2010 tax year.

"Agreed Final Judgment" from her bankruptcy proceedings. McCoy filed a second and third amended petition on November 1, 2021, and November 3, 2021, tracking her first amended petition.[12]

¶13. On December 2, 2021, the MDOR filed a motion to dismiss pursuant to Rule 12(b)(6) of the Mississippi Rules of Civil Procedure, arguing that McCoy had failed to state a claim upon which relief could be granted. The MDOR noted that although the MDOR and McCoy each asserted different dates on which they believed the statute of limitations began to run, the assessment was issued within the limitations period regardless of which of these dates triggered the limitations period. The MDOR also argued that under section 27-7-49(5) the IRS disposed of the tax liability when the MDOR received the information from the IRS through the EOAD. Accordingly, the MDOR asserted that it received McCoy's tax information from the IRS on July 12, 2016, for the 2009 tax year, and on January 5, 2017, for the 2010 tax year. The MDOR further stated that based on these dates, it had three years from July 12, 2016 (or until July 12, 2019) to make its assessment for the 2009 tax year and three years from January 5, 2017 (or until January 6, 2020) to make its assessment for the 2010 tax year. The MDOR stated that it was undisputed that its assessment against McCoy was made on March 27, 2019, for both tax years, thus placing the assessment within the statute of limitations.

¶14. On the same day, the MBTA also filed a motion to dismiss arguing that McCoy failed

---

[12] In her third amended petition, McCoy attached an IRS document titled "Account Transcript" in addition to the other exhibits that had been attached to her first amended petition.

to assert any legal claims against it and that she failed to adhere to the statutorily mandated appeal process in Mississippi Code Annotated section 27-77-7. Section 27-77-7(1) provides in pertinent part:

> The findings and order of the Board of Tax Appeals entered under Section 27-77-5 shall be final unless the agency or the taxpayer shall, within sixty (60) days from the date the Board of Tax Appeals mailed the order, file a petition in the chancery court appealing the order. *If the petition under this subsection is filed by the taxpayer, the petition shall be filed against the Department of Revenue as respondent.* If the petition under this subsection is filed by the agency, the petition shall be filed against the taxpayer as respondent. The petition shall contain a concise statement of the facts as contended by the petitioner, identify the order from which the appeal is being taken and set out the type of relief sought.

(Emphasis added). Therefore, the MBTA argued that the MDOR was the proper party to name because McCoy challenged the findings and order of the Board, not the MBTA. In addition, the MBTA argued that there were no claims or alleged facts that could give rise to any claims.

¶15. The chancery court held a hearing on the motions to dismiss on December 9, 2021. At the hearing, the MDOR again asserted that McCoy's appellate petition failed to state a claim upon which the court could grant relief because the revised tax assessment against McCoy was issued within the statute of limitations and was based on information received from the IRS. The MBTA argued that it was an improper party to the action and that the only parties of interest were the MDOR and McCoy.

¶16. In response, McCoy argued that pursuant to *Buffington*, the statute of limitations began to run on the day that the MDOR had knowledge that the taxes existed. According to McCoy, the evidence proved that the MDOR did not know that the taxes existed until March

10

27, 2019, which was the date that the statute of limitations should have started. McCoy further stated that her bankruptcy proceedings in 2018 would have discharged those taxes if the 2019 date was accepted as the date the statute of limitations began to run. The MDOR argued that the dischargeability was outside the jurisdiction of the chancery court and that there had already been a determination of the dischargeability by the bankruptcy court.[13]

¶17.    On December 13, 2021, the chancery court entered its final and dispositive order of dismissal. The court stated that after reviewing all pleadings as well as all relevant statutes and caselaw, the motions to dismiss were well taken and granted. The court reasoned that because the Legislature specifically identified the MDOR as the sole appropriate administrative body to be named as a party in the review of the quasi-judicial orders of the Board, McCoy lacked any basis (statutory or otherwise) to maintain an action against the MBTA. The court also held that McCoy's claims asserted against the MDOR were dismissed because McCoy was unable to prove any set of facts to support her claims for relief. The court noted the parties agreed that the MDOR had issued its assessment for the 2009 and 2010 tax years on March 27, 2019, and the court accepted the MDOR's assertion that it received the information from the IRS regarding the increase for the 2009 tax year on July 12, 2016, and for 2010 tax year on January 5, 2017. Thus, the court held that the limitations began to run on those dates; therefore, the MDOR's assessment was made within the statute of limitations.

---

[13] After receiving the MDOR's assessment, McCoy sought to amend her bankruptcy petition requesting that the court discharge the assessment. The bankruptcy court found the amendment to be futile under 11 U.S.C. § 507(a)(8)(A)(iii). *See McCoy*, 2020 WL 718266, at *15.

¶18. McCoy now appeals, arguing that the chancery court erred in granting the motions to dismiss because the MDOR issued the tax assessments after the three-year statute of limitations.

## STANDARD OF REVIEW

¶19. The Mississippi Supreme Court has held that "[i]ssues related to tax appeals are questions of law, which are reviewed by this Court de novo." *Miss. Dep't of Rev. v. Comcast of Georgia/Virginia Inc.*, 300 So. 3d 532, 535 (¶12) (Miss. 2020). In addition, this Court reviews an order granting a Rule 12(b)(6) motion de novo. *Schaffner Mfg. Co. v. Powell*, 331 So. 3d 11, 13 (¶6) (Miss. 2022). When this Court reviews a motion to dismiss under Rule 12(b)(6), "the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond doubt on the face of the complaint that the plaintiff will be unable to prove any set of facts in support of this claim." *Id*.

## DISCUSSION

### I. Whether the chancery court erred by granting the MDOR's motion to dismiss.

¶20. "A motion to dismiss under Mississippi Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted is reviewed de novo, as it raises an issue of law." *White v. Jernigan Copeland Attorneys PLLC*, 346 So. 3d 887, 895 (¶14) (Miss. 2022). "Our review is limited to the face of the pleading." *Id*. Therefore, "the allegations in the complaint must be accepted as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of this claim." *Id*.

12

¶21.    McCoy contends that the chancery court erred in granting the MDOR's motion to dismiss because the MDOR had issued its assessment for the 2009 and 2010 tax years after the statute of limitations had run.  Section 27-7-49 provides that when the IRS increases a taxpayer's reported taxable income an assessment for additional state income taxes may be issued.  *Buffington*, 43 So. 3d at 451 (¶2).  However, such an assessment may not be issued after three years from the date that the IRS "disposes of the tax liability in question."  *Id*. Specifically, subsections 27-7-49(1) and (5) read as follows:

> (1) Returns shall be examined by the commissioner or his or her duly authorized agents *within three (3) years* from the due date or the date the return was filed, whichever is later, and no determination of a tax overpayment or deficiency shall be made by the commissioner after the expiration of the three-year period, except as provided in this section and as provided in Section 27-7-307.
>
> . . . .
>
> (5) Where the reported taxable income of a taxpayer has been increased or decreased by the Internal Revenue Service, the three-year examination period provided in subsection (1) of this section shall not be applicable, insofar as the Mississippi income tax liability is affected by the specific changes made by said Internal Revenue Service.  *However, no additional assessment or no refund shall be made under the provisions of this article after three (3) years from the date the Internal Revenue Service disposes of the tax liability in question*.

(Emphasis added).

¶22.    To determine whether the MDOR's assessment was issued within the statute of limitations, we must determine when the IRS disposed of the tax liability in question.  This issue was previously examined by the Mississippi Supreme Court in *Buffington*.

¶23.    In that case, the Buffingtons appealed the Mississippi State Tax Commission's

13

(MSTC) assessment for additional state income taxes to the Hinds County Chancery Court. In 2004, the Buffingtons reached a settlement with the IRS "regarding additional tax liability assessed by the federal government for previously unreported income" for the 2001 tax year. *Buffington*, 43 So. 3d at 451 (¶1). On June 24, 2004, the IRS mailed Form 3210 to the MSTC, informing the MSTC that it had increased the Buffingtons' income for the 2001 tax year. *Id*. at 452 (¶6). "On June 22, 2007, the MSTC issued a $37,999 assessment to the Buffingtons for the additional state income tax they owed" for the 2001 tax year. *Id*. Aggrieved, the Buffingtons requested a hearing before the MSTC's Review Board, and the Review Board affirmed the MSTC's assessment. *Id*. at (¶7). The Buffingtons then filed a petition appealing the order in the chancery court, and the MSTC moved for summary judgment. *Id*. at (¶8). After hearing oral arguments, the chancery court affirmed the MSTC's order and assessment, and granted the MSTC's motion for summary judgment. *Id*. The Buffingtons appealed.

¶24. On appeal, the Buffingtons argued that the MSTC's June 22, 2007 assessment fell outside the three-year statute of limitations outlined in section 27-7-49(5). *Id*. at (¶7). The Buffingtons alleged that under section 27-7-49(3), the "IRS disposes of the federal tax liability on the date a written settlement between the IRS and the taxpayer is executed, which in this case occurred on March 23, 2004." *Id*. at 453 (¶10). The MSTC, on the other hand, argued that the liability was disposed of by the IRS "on the date the MSTC receives notice from the IRS of the change in the taxpayer's reported taxable income," which was July 7, 2004. *Id*. The Mississippi Supreme Court held that MSTC's interpretation of the statute was

reasonable "in that it results in the statute of limitations beginning to run on the date the MSTC became aware of the change in the taxpayer's reported taxable income . . . ." *Id*. at 456 (¶19). The supreme court held that the "IRS did not dispose of the tax liability in question until July 7, 2004, when the MSTC received the pertinent information from the IRS on Form 3210." *Id*. Thus, the supreme court affirmed the chancery court's order granting summary judgment in favor of the MSTC. *Id*. at (¶20).

¶25. In the present case, based on the EOAD Taxpayer Reports, the MDOR received information from the IRS regarding an increase in McCoy's federal taxable income on July 12, 2016, for the 2009 tax year and January 5, 2017, for the 2010 tax year. The chancery court found that the MDOR received the information from the IRS on these dates, and McCoy has failed to provide any evidence to the contrary.[14] As the court held in *Buffington*, the MDOR's receipt of McCoy's tax information from the IRS on July 12, 2016, and January 5, 2017, meant that the IRS had "disposed of" the tax liability on those dates. Therefore, we find that the MDOR's March 27, 2019 assessment for McCoy's 2009 and 2010 tax years was

---

[14] The bankruptcy court agreed and stated that "the MDOR issued the assessment for the 2009 and 2010 tax years on March 27, 2019 pursuant to . . . Mississippi's income tax law after it received information from the I.R.S. regarding McCoy's 2009 unreported income on July 12, 2016 and her 2010 unreported income on January 5, 2017." *McCoy*, 2020 WL 718266, at *15. As previously stated, under federal bankruptcy law, some income taxes that are assessed within 240 days before the filing of the bankruptcy petition are considered priority claims and are not dischargeable. 11 U.S.C. § 507(a)(8)(A)(ii). In this case, McCoy filed for bankruptcy in 2018 and was issued an assessment for the 2009 and 2010 tax years in 2019. Therefore, under 11 U.S.C. § 507(a)(8)(A)(iii), if the tax liability was "assessable" but not assessed until after the commencement of the bankruptcy proceedings, the tax liabilities are nondischargeable. Thus, the court held that "McCoy's dischargeability claims for the 2009 and 2010 tax years . . . fail[ed] to state a claim for relief because income taxes assessable under applicable law *after* the commencement of the case are nondischargeable." *Id*. (Emphasis added).

issued within the statute of limitations as set out in section 27-7-49(1).[15]

## II. Whether the chancery court erred by granting the MBTA's motion to dismiss.

¶26. McCoy also alleges that the chancery court erred when it granted the MBTA's motion to dismiss. In its order, the chancery court held that McCoy had improperly added the MBTA as a party to her appeal in violation of section 27-77-7(1), which provides, in pertinent part:

> The findings and order of the Board of Tax Appeals entered under Section 27-77-5 shall be final unless the agency or the taxpayer shall, within sixty (60) days from the date the Board of Tax Appeals mailed the order, file a petition in the chancery court appealing the order. *If the petition under this subsection is filed by the taxpayer, the petition shall be filed against the Department of Revenue as respondent.*

(Emphasis added). The statute makes it clear that the MBTA was not a proper party to McCoy's action. Thus, we agree with the chancery court's finding that McCoy improperly added the MBTA as a party to her action in violation of section 27-77-7(1).

## CONCLUSION

¶27. Finding that the MDOR's assessment was properly issued within the three-year statute of limitations and that McCoy improperly included the MBTA as a party, we affirm the chancery court's order granting the motions to dismiss.

¶28. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ.,**

---

[15] Even if we were to accept McCoy's dates of May 2017 and July 2018 as the periods that the IRS disposed of her tax liabilities, the MDOR's March 2019 assessment still fell within the three-year statute of limitations.

16

**CONCUR.**